## TOLLIVER v. FIRST NATIONAL BANK of BLUEJACKET.

No. 26051. Feb. 9, 1937.

D. H. Cotton and Marshall W. Hinch, for plaintiff in error.

Richard L. Wheatley, for defendant in error.

PER CURIAM. R. C. Tolliver signed as surety the supersedeas bond of defendants

in cause No. 4743 in district court of Craig county, on the appeal of said defendants to this court. On such appeal the judgment of the trial court was affirmed. See Fincannon v. First National Bank of Bluejacket, 133 Okla. 123, 271 P. 641.

After the mandate on such appeal had been placed of record in the district court, the defendant in error instituted suit No. 5371 in said district court against the principal obligators on said supersedeas bond, and plaintiff in error, Tolliver, as one of the sureties on said supersedeas bond. Judgment was rendered in favor of defendant in error and against plaintiff in error. Motion for new trial was filed and overruled. No appeal was taken. Therefore said judgment became final.

On July 5, 1933, plaintiff in error filed motion to vacate judgment in cause No. 5371. On June 8, 1934, said motion to vacate was denied. On said June 8, 1934, motion for new trial as to denial of said motion to set aside was filed and overruled. This appeal is from said order of June 8, 1934, denying said motion to set aside said judgment.

Plaintiff in error first assails the judgment in cause No. 4743, affirmed by this court, alleging that said judgment, dated January 6, 1927, was void because final judgment was rendered in said cause on September 24, 1926, at the May term, 1926, of said district court, and afterwards, on November 5, 1926, at the October term of said district court, the district judge, without jurisdiction, vacated the judgment rendered on September 24, 1926, and appointed a referee to hear evidence. On the report of the referee said judgment dated January 6, 1927, was rendered.

In the appeal in said cause No. 4743 no complaint was made that said judgment was void for the reason here claimed by plaintiff in error. Plaintiff in error in said suit No. 5371 made no such claim until after judgment had been rendered against him in said cause No. 5371, and had become final. Having failed to present such plea of lack of jurisdiction in the trial of said cause No. 5371, plaintiff in error could not obtain relief by means of filing the motion which was denied and from which this appeal is prosecuted.

It is the duty of a litigant to present promptly and seasonably his defenses to the cause of action alleged against him. The judgment in said cause No. 5371 is binding on plaintiff in error as to every issue presented by him, or which could have been presented by him in said cause No. 5371.

In McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 P. 1029, concerning the finality of a judgment, this court in its opinion says:

"* * * It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

The law wisely holds that there should be an end to litigation, and a case should not be tried by piecemeal.

Plaintiff in error also claims that defendant in error had been dissolved as a corporation, and therefore judgment in cause No. 5371 was void. No such claim of dissolution of defendant in error was made in said cause No. 5371 until the filing of the motion and after the judgment in said cause No. 5371 had become final.

What we have said above concerning the failure to claim the lack of jurisdiction applies to the failure to claim the dissolution of the defendant in error.

Also, this court, in Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 P. 468, held that by virtue of section 5361, C. O. S. 1921 (sec. 9788, O. S. 1931, with some changes not affecting the question here under consideration), a pending suit in which a corporation was a party litigant did not abate.

Plaintiff in error also urges that the judgment of January 6, 1927, was barred by the statute of limitation. The bar of limitation was not claimed in cause No. 5371 until after the judgment therein had become final. Therefore, the trial court did not err in refusing to set aside the judgment on the ground of limitation. However, the judgment in cause No. 4743 was not barred. The running of the statute of limitation was suspended all the time the enforcement of the judgment was stayed by the supersedeas bond. Lair v. Continental Supply Co., 153 Okla. 141, 3 P. (2d) 222.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys H. L. Stuart, A. E. Pearson, and J. S. Vossbrink in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, approved by the Judicial Council, and appointed by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stuart and approved by Mr. Pearson and Mr. Vossbrink, this opinion was assigned to

a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

OSBORN, C. J., and BUSBY, PHELPS, CORN, and HURST, JJ., concur.