ADAMS et al. v. HOBBS et al.

No. 34850.    Dec. 19, 1950.
Rehearing Denied Jan. 30, 1951.

*226 P. 2d 913.*

Shutler, Shutler & Bradley, Kingfisher, Rosenstein, Fist, Shidler & Webb, Tulsa, and W. R. Wallace, Jr., Oklahoma City for plaintiffs in error.

Reilly & Ruth, Kingfisher, for defendants in error.

LUTTRELL, J. Defendant in error E. S. Hobbs moves the court to dismiss the appeal in the above-styled and numbered cause for the reason that said appeal was not filed in this court within the time allowed by law. The record shows without dispute that judgment was rendered on March 22, 1950, and on the same day plaintiffs in error filed motions for new trial, which were on the same day overruled and notices of appeal given. The appeal was filed in this court September 19, 1950. The record further shows that on July 18, 1950, the trial court made an order purporting to grant plaintiffs in error additional time in which to file the appeal in this court. Defendant in error contends that said order, having been made after the expiration of the time allowed by statute within which to perfect the appeal, was void and of no force and effect.

By the provisions of 12 O. S. 1941, §972, a party appealing to the Supreme Court had six months from the date of the judgment or final order in the trial court within which to file his appeal in this court. This law was amended in 1949, S. L. 1949, p. 97, §1, 12 O.S.A. Supp. §972. This amendment, so far as pertinent, reads as follows:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within three (3) months from the rendition of the judgment or final order complained of; provided, however, that the trial Court may in its discretion extend period of time not to exceed six (6) months."

This statute was in force and effect at the time the judgment in the instant case was rendered. Therefore, in the instant case, under the statute above quoted, plaintiffs in error, in order to perfect their appeal to this court within the statutory time, must do so within three months from March 22, 1950, or before June 22, 1950. When they failed to file the appeal within that time, the right to appeal no longer existed, and the judgment became final, subject only to be vacated or modified as provided by 12 O.S. 1941 §1031 et seq.

The question presented for determination is whether, after the time to appeal had expired and the judgment had become final, the trial court, under the authority granted in the above-quoted statute, could by order extend the time within which to perfect the appeal. We think not.

While we have never had occasion to pass upon this exact question, we have many times held that after the time allowed by law or granted by the court to make and serve case-made expired, the trial court was without jurisdiction to allow a further extension of time. See cases cited in Okla. Digest, Appeal and Error, Key No. 564 (3); 12 O. S. A. §960, Note 2. In all these cases it was consistently held that a valid order extending the time could only be made prior to the expiration of the time allowed by statute, or by a previous order of the court, and could not be made afterwards. In Loeffler v. Federal Supply Co., 187 Okla. 373, 102 P. 2d 862, a case involving the extention or renewal of a corporate charter, we called attention to the distinction between the meaning of "extend" and "renew", stating that to "extend" was "to stretch, enlarge, draw out, lengthen, or prolong either in space or time, to carry forward", while to "renew" was to give new existence to a charter which had been forfeited, or had lost its vitality by a lapse of time. Under these definitions the action of the trial court in the instant case did not extend the time for appeal, but in effect revived or gave new existence to that right. This, under the statute above quoted, was beyond the power of the trial court.

In Wyoming the statute provided that the record for the appeal must be prepared and filed with the clerk of the district court within 70 days after the entry of the judgment or order appealed from, "which time may be, by the court or the judge thereof, extended or enlarged for cause shown."

In Coffee v. Harris, 27 Wyo. 394, 197 P. 649, the Supreme Court of that state held that the statute was jurisdictional and mandatory, and that after the 70-day period had expired the trial court was without power or jurisdiction to make an order purporting to extend or enlarge the time, citing numerous authorities in support of that statement.

Plaintiffs in error in their response cite no authority in support of the validity of the order, but they assert that the trial court had theretofore, by valid order, extended the time to make and serve case-made beyond the period fixed by the statute within which the appeal should be perfected, and that such order in effect likewise extended the time to appeal, citing Georgia Hardwood Lumber Co. v. Compania DeNavegacion Transmar, 323 U.S. 334, a case in which notice of appeal had been filed within the required time, and the failure to allow the appeal within the required time was held to be an irregularity and not vital to the appeal. We do not agree. If it was the intention of the Legislature that an extension of time in which to make and serve case-made should likewise extend the period within which an appeal should be perfected, the Legislature could have said so in plain and simple language. The statute providing for the making and serving of case-made applied only to that function, and was not designed to serve any other purpose. The statute providing that an appeal must be filed in this court within a certain time is wholly distinct and separate from that governing the making and serving of case-made. Where no order was made by the trial court within three months from the rendition of the judgment or final order complained of, extending the time within which to file an appeal in this court, upon failure to take the appeal within three months, the judgment of the lower court became final and conclusive upon the parties, subject only to be vacated or modified for the grounds enumerated in 12 O.S. 1941 §1031, and the rights of the parties therein were vested. To hold that the trial court could thereafter by order disturb or nullify the finality of that judgment would in effect deprive the party who obtained the judgment of the rights vested in him thereby. And to hold that an order extending the time to make and serve case-made past the statutory time allowed for perfecting the appeal would also extend the time within which the appeal could be perfected would in effect nullify the statute above quoted.

In 89 A.L.R. p. 941, in a note following the case of Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98, the author says:

"It appears to be a well-settled rule that a trial court may not permit, in any indirect manner, an extension of time for taking an appeal, particularly after the time for taking it has already elapsed, so as to evade an express statutory requirement that the appeal must be taken within a certain time."

Numerous cases are cited in support of this statement, including Philbrock v. Home Drilling Co., 117 Okla. 266, 246 P. 457, and Starr v. Woods, 162 Okla. 242, 19 P. 2d 561, in which cases the trial court attempted to prolong the time for appeal by vacating the order or decree appealed from and re-entering it as of a later date. In both of those cases we held that such act was beyond the power of the court.

Motion sustained and appeal dismissed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.