EVANS et al. v. WILCOX.

No. 35545.    Feb. 10, 1953.

253 P. 2d 566.

Bell & Tucker, McAlester, for plaintiffs in error.

Dudley, Duvall & Dudley, Oklahoma City for defendants in error.

HALLEY, C.J. This is an appeal from a judgment in favor of defendant in an action for personal injuries. The appeal is by case-made. An order allowing time in which to make and serve case-made was entered on February 6, 1952, at the time the motion for new trial was overruled. The 60 days given in which to make and serve case-made expired on April 6, 1952. No further order extending the time in which to make and serve the case-made was entered. The case-made was served on April 23, 1952.

A motion to dismiss has been filed for the reason that the case-made was not served within the time given by the trial court or any valid order extending such time. The motion must be sus-

tained. In Wheeler v. Exchange Nat. Bank of Tulsa, 196 Okla. 405, 165 P. 2d 614, it is stated:

"Where a case-made is not served within 15 days from the date of the rendition of the judgment appealed from or some legal extension thereof, this court acquires no jurisdiction to review the errors complained of arising upon such case-made."

Plaintiffs in error contend that the order of the trial court extending the time to appeal, under the provisions of 12 O.S. 1951 §972, extended the time in which to make and serve case-made. This contention cannot be sustained. Adams v. Hobbs, 204 Okla. 85, 226 P. 2d 913. Although not directly in point this case is authority for the rule that orders extending the time for appeal and orders with relation to the making and serving of the case-made are separate and distinct. There is nothing in the order extending the time to appeal that indicates an intent to extend the time to make and serve the case-made.

Appeal dismissed.

JOHNSON, V.C.J., and CORN, ARNOLD, O'NEAL, and BLACKBIRD, JJ., concur. DAVISON, J., concurs in result. WELCH and WILLIAMS, JJ., dissent.