**Harold WEST, Plaintiff in Error,**

v.

**Mary Louise Kenworthy TUCKER,
Defendant in Error.**

No. 36800.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Rehearing Denied Nov. 8, 1955.

Lee Williams, Oklahoma City, for plaintiff in error.

F. W. Files, Pawhuska, for defendant in error.

WELCH, Justice.

Mary Louise Kenworthy Tucker recovered a judgment in district court against Harold West. The defendant West thereafter timely filed a motion for new trial. The motion was overruled on April 5th, and the defendant gave notice of intention to appeal. Time to make and serve case-made was extended for sixty days or until June 4th. Counsel for the defendant promptly ordered a case-made from the official court reporter. Apparently, counsel for defendant then relied on the court reporter to secure any further order extending the time, if necessary, for completion of the case-made. The court reporter in May noticed an entry on the court clerk's appearance docket stating that a motion had been overruled, and calculated that he had until July 4th to complete the case-made ordered by the defendant. In June the court reporter first examined the formal order overruling motion for new trial. At said time in June the case-made had not been completed and the time for making and serving case-made, as provided for in the court's order, had expired. On July 1, the court reporter reported these facts to counsel for the defendant. There then remained four days before an expiration of the three month period prescribed by statute for the filing of an appeal of the case. On July 2, the counsel for the defendant filed a motion for an extension of time for making and serving case-made and for an order extending time to file an appeal. Notice of said motion was served, but with notice that said motion would be presented to the court on July 12th.

On July 5th the time for the filing of an appeal in this court expired in the absence of an order of the trial court extending the time for appeal.

In September these said motions of the defendant filed on July 2nd were withdrawn. The defendant filed a petition for vacation of the original judgment in the case on stated grounds that without fault of the defendant it became impossible to make and serve case-made, and that the defendant thereby was denied his right of appeal from the original judgment.

Upon hearing had on the petition evidence was presented, in substance, showing the above state of facts. The petition for vacation of judgment and new trial was overruled. The defendant appeals from the said judgment and order overruling his petition for vacation of the former judgment and for a new trial.

It is argued the trial court erred in overruling the defendant's petition to vacate judgment and for new trial for the reason that the evidence shows that in excusable miscalculation of the court reporter, and therefore without the fault of the defendant, it became impossible to timely make and serve a case-made, and defendant was thereby denied a right of appeal from the said judgment.

In statute 12 O.S.1951 § 651, it is provided:

"* * * The former verdict, report or decision shall be vacated, and a new trial granted, * * * for any of the following causes, affecting materially the substantial rights of such party:

* * * * * *

"Ninth. When, without fault of the complaining party, it becomes impossible to make case-made."

12 O.S.1951 § 962 provides that in the time for the filing of an appeal to this court, a trial court may, from time to time, make orders allowing time for the making and serving of a case,

"* * * and in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, * * *."

12 O.S.1951 § 972 provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within three (3) months from the rendition of the judgment or final order complained of; provided, however, that the trial Court may in its discretion extend period of time not to exceed six (6) months."

Under the foregoing provisions, where no order is made by the trial court within three months from the rendition of the judgment or final order complained of, extending the time within which to file an appeal in this court, such judgment becomes final, and the trial court is thereafter without jurisdiction to extend the time within which to file such appeal. An order by the trial court for extension of time to make and serve case-made extending such time beyond the time within which an appeal is required to be filed, does not extend the time to appeal. Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913.

Herein there was no question of such accident or misfortune as to prevent a case-made from ever being completed and whatever the reason that case-made was not completed in the time allowed in the trial court's order, the defendant, admittedly, had notice thereof, and that said time for completion under the court's order had expired. The defendant had this notice and knowledge four days before the expiration of the time provided in statute for the filing of his appeal. Under the foregoing provision of statute, the defendant desiring to perfect an appeal, had, in said four day period, some opportunity to invoke the power and discretion of the trial court to extend the time for appeal and therewith to extend the time for making and serving the case-made. With an absence of any evidence of contrary inference, it will be inferred that in said four day period there was ample time for the defendant to invoke the aforesaid power and discretion of the trial court to extend time for appeal and for the completion of case-made.

It appears that the defendant did timely file a motion of the stated purposes as aforementioned, but it also appears that the defendant served the notice of presentment and hearing of said motion before the court at a date after the appeal time allowed in statute had expired, and thus at a time when the judgment complained of had become final, and at a time when the court was without power and jurisdiction to extend time for appeal, and accordingly at a time when an order extending time for case-made was useless.

Upon a review of the record we do not find that the evidence is sufficient to show that without fault of the complaining party, the defendant, it became impossible to make case-made. The action of the trial court was not an abuse of discretion, nor was it in error.

The judgment of the trial court is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.