**ATLAS LIFE INSURANCE COMPANY,**
Plaintiff in Error,

v.

Lillian Juanita POWERS, Defendant in Error.

No. 37648.

Supreme Court of Oklahoma.

Sept. 17, 1957.

**964**

Doerner, Rinehart & Stuart, Tulsa, for plaintiff in error.

Fischl & Culp, Ardmore, for defendant in error.

JACKSON, Justice.

The appeal herein is by transcript and the question presented is whether this court should dismiss the appeal as not having been filed within the time allowed by law. The parties will be given their trial court designations.

The plaintiff, Lillian Juanita Powers, filed her petition in the District Court of Carter County, Oklahoma, seeking recovery on a life insurance policy issued to her deceased husband. The defendant, Atlas Life Insurance Company, filed its general demurrer. The trial court overruled the demurrer. The defendant elected to stand upon its demurrer and the trial court rendered judgment against the defendant for the amount claimed in plaintiff's petition. This judgment was rendered on September 17, 1956. Notice of appeal was filed in proper time.

The appeal was filed in this court at approximately 4:30 P.M. on December 17, 1956. About 5:30 P.M. on the same day, and at defendant's request, the trial court directed the clerk of his court to enter a minute granting ninety days extension of time to perfect appeal.

In plaintiff's motion to dismiss the appeal she contends that the entry of the minute, and purported oral order of the trial court, having been made after the expiration of the twenty days time allowed by statute within which to perfect the appeal, was void and of no force and effect.

12 O.S.Supp.1955, § 972, provides in pertinent part as follows:

"* * * All proceedings by transcript of the record for reversing, vacating or modifying judgments or final orders shall be commenced within twenty (20) days from the rendition of the judgment or final order complained of; provided, however, that the trial court may, in its discretion, extend the period of time, but such proceedings must be commenced within three (3) months from the rendition of the judgment or final order complained of."

The question for determination is whether the trial court may, after the expiration of the twenty days allowed by statute for commencing the appeal, allow further time within which to perfect the appeal.

As applied to appeals by case-made this court has had occasion to construe section 972, supra, after its amendment in 1949, and prior to its amendment in 1955. In the first paragraph of the syllabus in Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913, it was held:

"12 O.S.1941 § 972, as amended, S.L. 1949, p. 97, § 1, 12 O.S.A.Supp., 972, provides that appeals .must be taken within three months from the rendition of the judgment or final order complained of, but that the trial court in its discretion may extend the time for not to exceed six months. Under the provisions of this amendment, where no order is made by the trial court within three months from the rendition of the judgment or final order complained of, extending the time within which to file an appeal in this court, such judgment becomes final, and the trial court is thereafter without jurisdiction to extend the time within which to file such appeal."

We think the reasoning in the cited case is applicable here. When defendant failed to file proceedings by transcript in this court within twenty days, and failed to obtain an extension of time before the expiration of said twenty days, the right of appeal no longer existed. The judgment in this case became final twenty days after the rendition of the judgment on September 17, 1956.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.