**The CITY OF CLEVELAND, Oklahoma, a municipal corporation, Plaintiff in Error,**

v.

**Vandean HAMBRIGHT, Defendant in Error.**

**No. 37748.**

Supreme Court of Oklahoma.

Dec. 4, 1957.

Rehearing Denied Jan. 14, 1958.

Byers & Ledbetter, Cleveland, for plaintiff in error.

Jack B. Sellers, Drumright, Collins & Moore, Sapulpa, for defendant in error.

JACKSON, Justice.

A motion to dismiss has been filed by defendant in error for the reason that the appeal was not filed in this court within the time provided by law.

The appeal was filed more than three months after the order overruling the motion for a new trial.

Under the provisions of 12 O.S.1951 § 972, an appeal by case-made must be filed in the Supreme Court within three months from the rendition of the judgment or final order complained of unless the trial court extends the period of time.

The three months expired March 10, 1957. There was clearly no express extension of time within which to file the appeal, but

prior to the expiration of the three months period the trial court did extend the time within which to make and serve case-made to and including March 25, 1957, and the appeal was filed herein on said date.

■ The sole question to be determined is whether an extension of time in which to make and serve case-made beyond the three months period extends the time in which the appeal may be filed in this court.

We have heretofore passed upon this question numerous times and have consistently held that an extension of time to make and serve case-made does not extend the time in which to perfect the appeal. Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913; Wilson v. Wilson, Okl., 264 P.2d 733; Roof v. Fechtel, Okl., 258 P.2d 890. In Adams v. Hobbs, supra [204 Okl. 85, 226 P.2d 915], we said:

> "If it was the intention of the Legislature that an extension of time in which to make and serve case made should likewise extend the period within which an appeal should be perfected, the Legislature could have said so in plain and simple language. The statute providing for the making and serving of case made applied only to that function, and was not designed to serve any other purpose. The statute providing that an appeal must be filed in this court within a certain time is wholly distinct and separate from that governing the making and serving of case made."

Plaintiff in error argues that the particular wording of the order extending time to make and serve case-made was sufficiently comprehensive to also extend the appeal time. The pertinent portion of the order is as follows:

> "It is hereby ordered by the court that a further extension of 15 days from the said 10th day of March, 1957, be granted to said defendant to make and serve case made *on appeal to the Supreme Court of the State of Oklahoma* in said cause, the plaintiff to have 10 days thereafter to suggest amendments, same to be settled on 5 days notice in writing to either party."

■ The fact that the word "appeal" is contained in the order does not enlarge the scope of the order. The words "on appeal to the Supreme Court of the State of Oklahoma" were at most explanatory of the purpose for which the case-made was being prepared. Nothing in this order extends the time for filing in this court.

The order clearly embraced but one subject and that was the preparation, service and settling of the case-made.

As observed in Adams v. Hobbs, supra, the statute governing the time in which appeals are to be filed is wholly distinct from that governing the making and serving of the case-made.

■ After the decision in Adams v. Hobbs, the Legislature, in 1955, placed a further limitation on the time in which such appeals could be filed by providing that appeal proceedings must be commenced within 20 days from the date the case-made is *settled.* Sec. 972 of 12 O.S.1955 Supp. But this amendment in no manner integrates the preparation and service of the case-made with the time for filing of the appeal. The statutes governing each are still separate and distinct.

Based upon the recurring frequency with which we are confronted with the question now being considered, it appears that there is some confusion in regard to this matter. It is possible that such misunderstanding is a result of certain proposed legislation prepared by a committee of the Oklahoma Bar Association and published in Vol. 23, page 1401 et seq. of the Oklahoma Bar Journal (Aug. 30, 1952). At page 1408 appears a proposed amendment to Title 12 O.S.1951 § 972, providing in substance that any extension of time to complete case-made which extends beyond the three months period shall automatically extend the time for commencement of proceedings in the Appellate Court for a time ending 20 days after the time allowed to settle such case-made or record.

We are unable to say with certainty whether this proposed provision was ever submitted to or considered by the Legislature, but it is certain that such provision was not included in Sec. 972, as subsequently amended by the Legislature in 1955. This impels the conclusion that the Legislature did not intend to effect a change in the law as previously announced in Adams v. Hobbs, supra. We must, therefore, reaffirm the rule so announced.

Since the appeal was not filed in this court within three months from the date of the order overruling the motion for new trial, or a valid order extending the time for appeal, said appeal is dismissed.

CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON and JOHNSON, JJ., dissent.

WELCH, Chief Justice (dissenting).

I agree that the majority opinion has authoritative support in our former decisions. However, this decision and companion cases this day decided on the same point demonstrate that injustices result from the rule heretofore promulgated, to the extent that I think we should re-examine our former decisions and change our conclusion.

The trial judge here quite evidently thought he was extending the time to file the case-made on appeal, and the parties who proceeded and participated in the making and serving and settling the case-made, for sole and only purpose of filing it here, thought they were performing valid and effective acts within duly extended time. It transpires, however, that all these acts were wholly without value or validity or effectiveness as was the trial court's order itself. They were all tiresomely futile, with no result but a total loss of time, expense money and effort because the court order did not contain the express words extending the time to file the case-made here, after it was settled for that purpose.

Justice would be furthered and promoted if we hold that the extension order made by the trial judge did in effect extend the time, to file the case-made here, as well as to perform the preliminary acts of making, serving and settling the case-made for the very purpose of filing it here.

It is too bad that an appellant may within legally extended time do all those things as required preliminaries to lodging the case-made here on appeal and then immediately ascertain that his time to file here has expired, and indeed that it had expired before he did and performed the prerequisites of making, serving and settling, though these things themselves were "timely" done.

Considering all the applicable statutory provisions and the purposes to be accomplished, I think it would be sound to now take the view that when the trial court legally extends the time to make and serve and settle a case-made, for the purpose of filing it here on appeal, that by the same order the time extension goes to file it here after it is so settled. Since the law now requires filing in twenty days after settlement such a holding would be appropriate. Since the legislature required such filing in twenty days, it might well have been the legislative intent to allow all of such twenty days after "timely" settling of case-made in which to file it here, regardless of the abbreviated verbiage of the order extending the time to make, serve, and settle the case-made.

While this court is loath to overturn former rulings, there is the change in legislation which we have all noted, and the danger of promoting injustice which I think is demonstrated in this and the several other cases decided today on the same point. These things in my view would fully justify our turning away from our former rulings on the point, and adopting this new rule, which could hardly hurt any one.

I am authorized to say that DAVISON, J., joins in these views.