I am authorized to say that DAVISON, J., joins in these views.

The CITY OF CLEVELAND, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

The TEXAS COMPANY, a Corporation, Defendant in Error.

No. 37749.

Supreme Court of Oklahoma.

Dec. 4, 1957.

Rehearing Denied Jan. 14, 1958.

Byers & Ledbetter, Cleveland, for plaintiff in error.

William E. Lester, Tulsa, for defendant in error.

JACKSON, Justice.

A motion to dismiss has been filed by the defendant in error for the reason that the appeal was not filed in this court within the time provided by law.

This case was consolidated in the trial court with City of Cleveland, Oklahoma v. Hambright, Okl., 320 P.2d 388 in which case motion to dismiss was sustained this date.

In each case the facts and various times relevant to the order overruling motion for new trial, extensions of time in which to make and serve case-made and the date of the filing of the appeal in this court are identical. The appeal was not filed in this court until after the expiration of three months from the order overruling motion for new trial. No extension of time within which to file the appeal was granted though there was an extension of time to make and serve case-made extending beyond the three months period, and the appeal was filed herein within such extended period of time.

Under the rule announced in Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913, this extension of time to make and serve case-made did not extend the time in which to file the appeal in this court. The appeal, therefore, was not filed in time.

Appeal dismissed.

CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON and JOHNSON, JJ., dissent.

WELCH, Chief Justice (dissenting).

I agree that the majority opinion has authoritative support in our former decisions. However, this decision and companion cases this day decided on the same point demonstrate that injustices result from the rule heretofore promulgated, to the extent that I think we should re-examine our former decisions and change our conclusion.

The trial judge here quite evidently thought he was extending the time to file the case-made on appeal, and the parties who proceeded and participated in the making and serving and settling the case-made, for sole and only purpose of filing it here, thought they were performing valid and effective acts within duly extended time. It transpires, however, that all these acts were wholly without value or validity or effectiveness as was the trial court's order itself. They were all tiresomely futile, with no result but a total loss of time, expense money and effort because the court order did not contain the express words extending the time to file the case-made here, after it was settled for that purpose.

Justice would be furthered and promoted if we hold that the extension order made by the trial judge did in effect extend the time, to file the case-made here, as well as to perform the preliminary acts of making, serving and settling the case-made for the very purpose of filing it here.

It is too bad that an appellant may within legally extended time do all those things as required preliminaries to lodging the case-made here on appeal and then immediately ascertain that his time to file here has expired, and indeed that it had expired before he did and performed the prerequisites of making, serving and settling, though these things themselves were "timely" done.

Considering all the applicable statutory provisions and the purposes to be accomplished, I think it would be sound to now take the view that when the trial court legally extends the time to make and serve and settle a case-made, for the purpose of filing it here on appeal, that by the same order the time extension goes to file it here after it is so settled. Since the law now requires filing in twenty days after settlement such a holding would be appropriate. Since the legislature required such filing in twenty days, it might well have been the legislative intent to allow all of such twenty days after "timely" settling of case-made in which to file it here, regardless of the abbreviated verbiage of the order extending the time to make, serve, and settle the case-made.

While this court is loath to overturn former rulings, there is the change in legislation which we have all noted, and the danger of promoting injustice which I think is demonstrated in this and the several other cases decided today on the same point. These things in my view would fully justify our turning away from our former rulings on the point, and adopting this new rule, which could hardly hurt any one.

I am authorized to say that DAVISON, J., joins in these views.