I am authorized to say that DAVISON, J., joins in these views.

In re The ESTATE of Walter C. BRYAN, Deceased.

Lucille SANDERS and Gladys Bonneau, Contestants, Plaintiffs in Error,

v.

Dora BRYAN, executrix of the Estate of Walter C. Bryan, deceased, Defendant in Error.

No. 37853.

Supreme Court of Oklahoma.

Dec. 4, 1957.

Rehearing Denied Jan. 14, 1958.

Bledsoe, Nicklas & Chrisman, Lawton, for plaintiffs in error.

Ozmun & Brock, Lawton, for defendant in error.

PER CURIAM.

The pertinent facts and issues parallel those in City of Cleveland, Oklahoma v. Hambright, Okl., 320 P.2d 388 in which case motion to dismiss was sustained this date.

The motion for new trial was overruled on December 17, 1956; therefore, the time in which to file the appeal expired March 17, 1957, unless extended prior to said date. Prior to the last mentioned date the trial court extended the time to make and serve case-made to April 17, 1957, and on April 15, 1957, again extended the time to make and serve case-made to June 16, 1957. The appeal was filed in this court on June 11, 1957. At no time did the trial court grant an express extension of time within which to file the appeal.

If it could be said that the extension to make and serve case-made beyond the three months period extended the time in which to file the appeal to April 17, 1957, then the last extension entered April 15, 1957, likewise extended the time in which to file the appeal to June 16, 1957, inasmuch as the two orders were worded substantially the same. However, under the rule announced in Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913, an extension of time to make and serve case-made does not extend the time in which to file the appeal.

Heretofore defendant in error moved to dismiss the appeal for the reason that it was not filed within the time allowed by law. This motion was overruled without prejudice to the right of defendant in error to resubmit the question in her brief on the merits. We have reconsidered such ruling in connection with our opinion in City of Cleveland, Oklahoma v. Hambright, and have concluded that we do not have jurisdiction to entertain this appeal.

Hutchins v. Sperling, Okl., 316 P. 2d 589, 590, involved the identical question here involved. In that case we said:

"The petition in error was not filed within three months from the date of the judgment or final order or within the time granted by an authorized extension of time in which to appeal. 12 O.S.1951, § 972. This is a jurisdictional requirement that cannot be waived by the parties or overlooked by the Court. This Court will, upon its own motion, determine if its jurisdiction has been invoked. * * *."

Since the appeal was not filed in time this Court did not acquire jurisdiction, and the appeal must be dismissed.

Appeal dismissed.

CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON and JOHNSON, JJ., dissent.

WELCH, Chief Justice (dissenting).

I agree that the majority opinion has authoritative support in our former decisions. However, this decision and companion cases this day decided on the same point demonstrate that injustices result from the rule heretofore promulgated, to the extent that I think we should re-examine our former decisions and change our conclusion.

The trial judge here quite evidently thought he was extending the time to file the case-made on appeal, and the parties who proceeded and participated in the making and serving and settling the case-made, for sole and only purpose of filing it here, thought they were performing valid and

effective acts within duly extended time. It transpires, however, that all these acts were wholly without value or validity or effectiveness as was the trial court's order itself. They were all tiresomely futile, with no result but a total loss of time, expense money and effort because the court order did not contain the express words extending the time to file the case-made here, after it was settled for that purpose.

Justice would be furthered and promoted if we hold that the extension order made by the trial judge did in effect extend the time, to file the case-made here, as well as to perform the preliminary acts of making, serving and settling the case-made for the very purpose of filing it here.

It is too bad that an appellant may within legally extended time do all those things as required preliminaries to lodging the case-made here on appeal and then immediately ascertain that his time to file here has expired, and indeed that it had expired before he did and performed the prerequisites of making, serving and settling, though these things themselves were "timely" done.

Considering all the applicable statutory provisions and the purposes to be accomplished, I think it would be sound to now take the view that when the trial court legally extends the time to make and serve and settle a case-made, for the purpose of filing it here on appeal, that by the same order the time extension goes to file it here after it is so settled. Since the law now requires filing in twenty days after settlement such a holding would be appropriate. Since the legislature required such filing in twenty days, it might well have been the legislative intent to allow all of such twenty days after "timely" settling of case-made in which to file it here, regardless of the abbreviated verbiage of the order extending the time to make, serve, and settle the case-made.

While this court is loath to overturn former rulings, there is the change in legislation which we have all noted, and the danger of promoting injustice which I think is demonstrated in this and the several other cases decided today on the same point. These things in my view would fully justify our turning away from our former rulings on the point, and adopting this new rule, which could hardly hurt any one.

I am authorized to say that DAVISON, J., joins in these views.