**Linda SALYER, Plaintiff,**

v.

**NATIONAL TRAILER CONVOY, INC., an Oklahoma corporation, Defendant,**

**Burlington Northern Railroad Company, a Delaware corporation, Defendant-Appellant,**

**and**

**Midamerica Federal Savings & Loan Association, Intervenor-Appellee.**

**No. 60201.**

Supreme Court of Oklahoma.

Nov. 18, 1986.

Grey W. Satterfield, John Leo Wagner, Eric A. Overby, Messrs. Kornfeld, Satterfield, McMillin, Harmon, Phillips & Upp, Oklahoma City, for defendant-appellant Burlington Northern R. Co.

---

Luanna L. Hamill, Messrs. Savage, O'Donnell, Scott, McNulty & Cleverdon, Tulsa, for intervenor-appellee MidAmerica Federal Sav. & Loan Assn.

OPALA, Justice.

Plaintiff recovered judgment against National Trailer Convoy, Inc., one of two defendants in an action to recover damages from a negligent injury to her property. The other defendant, Burlington Northern Railroad Company [Railroad], was found by the jury to have been free of negligence and later recovered a counsel-fee award against the plaintiff. The trial court granted priority in the plaintiff's judgment to MidAmerica Federal Savings & Loan Association [MidAmerica], a secured creditor and an intervenor in the action. Over ten, but within thirty, days after that ruling, Railroad moved the trial court to "reconsider"[1] its priority ruling. The motion was denied and, after ten, but within thirty, days following the denial, Railroad filed a second "motion to reconsider" based on grounds no different from those asserted in the first. Railroad appeals from the denial of its second "motion to reconsider." MidAmerica has moved for the appeal's dismissal because of a fatal postural defect.[2]

The issue Railroad seeks to present by this appeal is whether the trial court erred in granting priority to MidAmerica's security interest over Railroad's interest in its judgment against the plaintiff.[3] We agree with MidAmerica that, because this case stands in a procedural posture fraught with a fatal infirmity, the appeal presents nothing for our review. It is hence dismissible.

Railroad filed below two successive "motions to reconsider," neither of which was filed within ten days of the trial court's ruling on the priority issue. Because neither motion can be treated as one for new trial and hence does not extend appeal time from the priority ruling, the time to seek review of that critical ruling ran from the date it was rendered. Both motions were filed within thirty days after each respective ruling. Thus Railroad timely invoked the trial court's term-time power to vacate

---

1. The so-called "motion to reconsider" is an utter stranger to the statutory nomenclature in Oklahoma's nisi prius practice and procedure. *It causes great confusion.* If timely filed, a motion to reconsider may be regarded as one for new trial under 12 O.S. 1981 § 651 and hence effective to extend appeal time for review of a final order or judgment, *Horizons, Inc. v. KEO Leasing Co.,* Okl., 681 P.2d 757, 758 [1984]; or it may be treated as one to modify or to vacate a final order or judgment under 12 O.S. 1981 §§ 1031 and 1031.1. If the motion is deemed to fall into the latter class, it will not extend the time to seek review of the final order or judgment to which it is directed.

2. The dates critical to our consideration of the fatal postural flaw are: (a) MidAmerica's claim to priority in the judgment was allowed on December 9, 1982; (b) Railroad's first "motion to reconsider" was filed January 3, 1983 and was denied on either February 7 or 8, 1983; (c) Railroad's second "motion to reconsider" was filed March 8, 1983 and was denied April 15, 1983 and (d) Railroad's petition-in-error came here on May 16, 1983.

The trial court's ex parte order of March 8, 1983, provisionally granting Railroad's second motion to reconsider—filed the same day—until a scheduled hearing could be held, affects nei-

ther the timeliness of this appeal nor the sweep of affordable review. *That order, plainly inefficacious facially, is to be treated as a nullity.* Its stated purpose was to extend Railroad's appeal time—an exercise of authority clearly withheld from trial judges. *Philbrock v. Home Drilling Co.,* 117 Okl. 266, 246 P. 457 [1926]; *Sowers v. Archer,* 161 Okl. 148, 17 P.2d 422 [1932]; *Starr v. Woods,* 162 Okl. 242, 19 P.2d 561 [1933]; *Adams v. Hobbs,* 204 Okl. 85, 226 P.2d 913, 915 [1951] and *Manos v. Leche,* 205 Okl. 213, 236 P.2d 693 [1951].

3. Although the trial court's ruling on the issue of priority is not incorporated in a journal entry, its terms are contained in the transcript of proceedings. Neither party denies that the ruling was in fact made and its terms are undisputed. If this were not so, a nunc pro tunc correction order would have been necessary. Following the disposition of this case, the successful party below should seek a nunc pro tunc order to correct the journal entry by providing a memorial of the omitted ruling. A transcript of evidentiary proceedings forms no part of the judgment roll. There is hence nothing on the face of the trial court's judgment roll to reflect the court's ruling on the critical issue of priority between the two adjudicated claims laid to the proceeds of the plaintiff's judgment.

its own judgment or order under 12 O.S. 1981 § 1031.1.[4] Under this state of the record, this court may not look to the original judgment but stands confined in its review to the correctness of the trial court's action responsive to the second motion. See, *Yery v. Yery,* Okl., 629 P.2d 357, 363 [1981]. If the law were otherwise, appeal time could be interminably extended and the review delayed by successive motions to vacate or to "reconsider" an appealable decision.[5]

The original ruling upon the priority issue, rendered on December 9, 1982, is now beyond the reach of our reviewing cognizance inasmuch as this appeal was brought here more than thirty days after its rendition. Upon the expiration of thirty days following the denial of the first "motion to reconsider," that ruling also was placed beyond the reach of this court's power to correct. Because the two successive motions in question were not rested on different grounds and sought reconsideration of the same postjudgment ruling, the trial court's denial of the second motion is now impervious to corrective relief on our review in the instant case by reason of res judicata.[6]

The appeal is dismissed.

SIMMS, C.J., and HODGES, LAVENDER, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

DOOLIN, V.C.J., and ALMA WILSON, J., dissent.

ALMA WILSON, Justice, dissenting:

I dissent to the majority's dismissal of this appeal. Title 12 O.S. 1981 § 1031.1 authorizes either litigant or the trial court sua sponte to "reconsider", vacate or modify the December 9, 1982 priority ruling when filed within thirty (30) days of that ruling. Although each successive denial and motion to reconsider narrows each scope of review, it is subject to the review of this Court. To hold otherwise would preclude a litigant's right to seek vacation or review within thirty (30) days of an alleged erroneous order that is authorized under § 1031.1 since a trial court may sua sponte vacate, reopen or modify the court's judgment.

This Court would review a trial court vacation of an order sought within thirty (30) days of rendition. There is no authority to dismiss a review of a trial court refusal to vacate or reconsider.

4. The terms of 12 O.S. 1981 § 1031.1 provide as follows:
   "Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given."

5. Errors in a judgment or in a final order cannot be corrected by an appellate court unless the appeal is timely brought directly from such decision or from the denial of a timely new-trial motion directed to that decision in compliance with the terms of 12 O.S. 1981 §§ 651 and 653. In appeals lodged from an adverse order in a postjudgment vacation proceeding, errors which may be reviewed *are confined* to those *made in granting or denying* the relief that was sought upon the grounds advanced and the evidence presented *in those postjudgment proceedings. No* postdecisional quest for relief—other than one made by a timely new-trial motion—will extend the time for appellate review of errors made in a judgment or in a final order of the trial court. *Bellamy v. Washita Valley Telephone Co.,* 25 Okl. 792, 108 P. 389 [1910]; *Missouri Quarries Co. v. Brady,* 95 Okl. 279, 219 P. 368 [1923]; *Tolliver v. First Nat. Bank of Bluejacket,* 179 Okl. 191, 64 P.2d 1215 [1937]; *Hawkins v. Hurst,* Okl., 467 P.2d 159, 163 [1970] and *Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 591–592 [1986].

6. *Brett v. Fielder,* 136 Okl. 222, 277 P. 216, 217 [1929]; *Tippins v. Turben,* 162 Okl. 136, 19 P.2d 605, 608 [1933] and *White v. White,* Okl., 607 P.2d 700, 702 [1980].