**Donald A. BLOUSTINE,**
Appellant/Cross–Appellee,

v.

**Debra BLOUSTINE,**
Appellee/Cross–Appellant.

No. 65894.

Court of Appeals of Oklahoma,
Division No. 3.

July 14, 1987.

Rehearing Denied Aug. 25, 1987.

Certiorari Denied Nov. 3, 1987.

Arnold Fagin, Donita Bourns Douglas, Oklahoma City, for appellant/cross-appellee.

Wayne Campbell, Oklahoma City, for appellee/cross-appellant.

HANSEN, Presiding Judge:

Does denominating a motion, made within 10 days of a divorce decree, as a "Motion for Interpretation and/or Reconsideration" instead of a "Motion for New Trial" allow an appellant to circumvent 12 O.S. 1981 § 991 and Rule 1.12 Rules of Civil Appellate Procedure, 12 O.S. 1981 Ch. 15 App. 2? We hold that it does not.

On February 4, 1986, Appellant timely filed an appeal from a divorce decree entered on January 6, 1986. However, previously on January 15, 1986, he filed in the trial court a Motion for Interpretation and/or Reconsideration. This motion included six items he wished the trial court to reconsider. These items were identical to six of the seven items urged as error in his appeal.

On June 26, 1986, the trial court issued a "Court Order of Modification." This order dismissed or overruled four of the six allegations raised in Appellant's Motion to Reconsider. It reserved a ruling on one allegation and granted relief in another. Neither party made any attempt to appeal this order. In addition, the record contains no disposition of the matter reserved for later decision.

Appellant's brief in chief on appeal, filed September 29, 1986, addresses these same issues plus the additional one raised in his petition in error.

On September 9, 1986, Appellee filed a Motion to Dismiss the appeal arguing the appeal was premature as not being in compliance with § 991 and Rule 1.12(b). The Supreme Court deferred consideration of this motion until disposition on the merits in this Court.

Appellant responds to Appellee's motion to dismiss by arguing his trial motion did not set forth any of the statutory grounds for new trial enumerated in 12 O.S. 1981 § 651.

Appellant's trial court motion in substance alleged: the trial court committed error by requiring him to pay the debts of both parties through January 6, 1986, even though he had been paying temporary support; the court erred by creating a lien on certain oil and gas interests for alimony in lieu of property division; the court's order requiring Appellant to retain Appellee as the beneficiary on two insurance policies was "unjust" to him; requiring Appellant to pay Appellee $52,000 from the sale of certain real estate by February 1, 1986 was unjust; and the court's order requiring the alimony in lieu of property division to be paid within five years should be changed.

The claim inherent in these allegations, is that the trial court made an "error of law" under § 651(8) or that the order of the court "is not sustained by sufficient evidence or is contrary to law" under § 651(6). In essence he wishes a new trial on these matters.

In *Horizons, Inc. v. Keo Leasing Company*, 681 P.2d 757 (Okla.1984) the Oklahoma Supreme Court stated:

"A motion seeking reconsideration, reexamination, rehearing or vacation of a judgment or final order, which is filed within 10 days such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title. The meaning and ef-

fect of an instrument filed in court depends on its contents and substance rather than on form or title given it by the author."

Under § 991 and Rule 1.12 no appeal to the Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial. Accordingly, Appellant's appeal was premature and must be dismissed.[1]

Appellee also filed an appeal from the divorce decree. Whether this appeal is preserved or not is immaterial. Her claim the alimony awarded was inadequate is without support and not seriously argued. In addition she claims the trial court abused its discretion in ordering each party to pay his or her own attorney fees. However, she sets forth no reasons or authority as a basis for this argument.[2]

APPELLANT'S APPEAL DISMISSED.

TRIAL COURT AFFIRMED IN CROSS APPEAL.

HUNTER and BAILEY, JJ., concur.

---

**1.** *See also, Salyer v. National Trailer Convoy, Inc.,* 727 P.2d 1361 (Okla.1986).

**2.** *See, Gardner v. Gardner,* 629 P.2d 1283 (Okla. App.1981).