Dick and another vs. Williams and another.

DICK and another, Respondents, vs. WILLIAMS and another, Appellants.

| 87 | 651 |
|----|-----|
| d113 | ¹350 |

*April 14 — May 1, 1894.*

*Judgment by default: Vacating: Denial of motion: Res adjudicata: Excuse for failure to answer: Affidavit of merits.*

1. A motion denied absolutely is *res adjudicata,* and a second motion upon the same ground should be denied for that reason.
2. Upon a motion to set aside a judgment by default which was not taken until after plaintiffs had offered to accept an answer more than a year after service of the complaint, the failure to answer is not excused by affidavits showing that defendants' attorneys were engaged in other business and that a settlement of the matter was expected.
3. Upon a motion to set aside a judgment by default, an affidavit of merits, stating that the matter referred to in the complaint was the outgrowth of litigation between the plaintiffs and third persons, and that the affiant has "fully and fairly stated all the facts and circumstances contained in said litigation, and the subject matter of said litigation," to his counsel, etc., is not sufficient.
4. An affidavit of merits, stating that the affiant has "fully and fairly stated *his* case" to his counsel, etc., is insufficient.

APPEAL from the Circuit Court for *Waupaca* County.

Action for the conversion of personal property by the defendants as sheriff and deputy sheriff of Waupaca county. The defendants appeal from an order denying a motion to set aside a judgment by default.

For the appellants the cause was submitted on the brief of *M. C. Phillips.*

For the respondents there was a brief by *Cate, Jones & Sanborn,* and oral argument by *A. W. Sanborn.*

ORTON, C. J.    This is an appeal from an order denying the motion of the defendants to set aside the judgment and for leave to serve an answer.    The action was commenced in September, 1891, and the complaint was served in February, 1892, and soon after returned, for the only reason given by the defendants' counsel,— that " they shall not want to try the case at that term of the court."    The plaintiffs indulgently waited for an answer until the March term of the court, 1893, and offered to accept an answer even then, but no answer was served; and on the 21st day of March, 1893, an assessment was made by the jury, and on the 30th day of March, 1893, the judgment was rendered.    There was no excuse for the delay in answering, except other business of the attorneys of the defendants, and waiting for settlement.

There have been three motions to set aside the judgment, substantially on the same grounds.    The first one was denied without prejudice, the second one denied absolutely, and the third one denied absolutely, and the order is appealed from.    The court gave no particular reasons for the order, and if it can be sustained for any good reason it should be affirmed.    The answer of the defendants, with a pretended affidavit of merits, and a pretended affidavit of merits of one James D. Campbell on behalf of Campbell Bros. & Cameron, who ask to be substituted as

Dick and another vs. Williams and another.

defendants as having the sole interest in the subject matter of the case, and the affidavit of M. C. Phillips, Esq., their attorney, attempting to excuse the delay of answering, were the grounds of the motions.

1. When the last motion was made the matter was clearly *res adjudicata,* and the motion, for that reason, ought to have been denied. *Kabe v. The Eagle,* 25 Wis. 108; *Second Ward Bank v. Upman,* 14 Wis. 596; *Branger v. Buttrick,* 28 Wis. 454; *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 367.

2. The laches was not excused. The excuses were other business and an expected settlement of the matter. Both reasons were insufficient for such outrageous delay. There was no excuse whatever for not answering at the March term, 1893, before judgment was rendered. The answers were short, and could have been drawn and served instanter. The neglect was wilful. The *laches* was sufficient to defeat the motion.

3. There were no sufficient affidavits of merits. The affidavit of the defendant *Williams* was "that the matter referred to in the complaint was the outgrowth of some litigation between the plaintiffs and Campbell Bros. & Cameron, and that, as far as known to deponent, he has fully and fairly stated all the facts and circumstances contained in said litigation, and the subject matter of said litigation, to M. C. Phillips, of Oshkosh," etc. This case may be the outgrowth of other litigation, and not contain the same facts. The affiant does not pretend that he stated to his attorney the facts of *this case.* The affidavit falls short of Circuit Court Rules XIII and XX, and *Sutton v. Wegner,* 72 Wis. 294. It should have stated that he had fully and fairly stated *the case,* or the facts of the case, to the counsel. The affidavit of James D. Campbell, one of the firm who ask to be made defendants, is also insufficient. It is that "he had fully and fairly stated his case" to his

counsel, etc.; that is, that he had stated *his side* of the case. Affidavits of merits, according to the rules, are indispensable on a motion to set aside a judgment by default.

These reasons are sufficient to justify the order appealed from.

*By the Court.*— The order of the circuit court is affirmed.