BELLAMY v. WASHITA VALLEY TELEPHONE Co. *et al.*

No. 225.    Opinion Filed March 8, 1910.

(108 Pac. 389.)

1.    **APPEAL AND ERROR—Time for Taking Proceedings.** Where a petition in error is filed asking a review of a judgment upon the merits discharging the receiver, directing a return of the property to defendants and taxing plaintiff in error with the costs, and an order overruling his motion for a new trial, and an order modifying the first order, and an order requiring the clerk of the court to turn over certain moneys in his hands to J. C. H. "as acting president of" the defendant company, and it appears that more than one year has elapsed from the entry of all but the last order before the filing of the petition in error, this court is without jurisdiction to review said judgment and all but said last order.

2.     **APPEAL AND ERROR—Time for Taking Proceedings—Extension.** The time for instituting a proceeding in error in this court to review a judgment of the district court declining to pass upon a question raised in the petition, and upon which judgment the bar of the statute has fallen, is not extended by a subsequent order declining to pass upon the same question raised by a subsequent petition based upon the same grounds.

3.     **JUDGMENT—Res Judicata.** An adjudication upon the merits of a petition which declines to pass upon a question raised is a bar to another petition based upon the same ground raising the same question.

4. .   **RECEIVERS—Vacation of Receivership—Determination of Right to Funds.** A corporation being in the hands of a receiver, the sum of $1,140 going into his hands in such capacity, and being paid by proper order of court into its registry. the receivership being vacated and the court ordering all funds to be paid or turned over to said corporation, H. demanding said fund from the clerk of the court as acting president and B. claiming to be a stockholder and president of said corporation, and entitled in said capacity to receive said fund, filed his motion in court asking that the clerk be ordered to pay said sum to him, the court. without hearing any evidence on said motion, ordered said fund to be paid to H. as acting president. **Held,** that the court should have heard evidence on such motion and found who the proper officer under the by-laws of said corporation was to receive said fund, and then ordered the clerk to pay same to such officer.

(Syllabus by the Court.)

*Error from District Court, Canadian County; George W. Clark, Judge.*

Action by George W. Bellamy against the Washita Valley Telephone Company and others. Judgment for defendants and plaintiff brings error. Reversed and remanded, with instructions.

See, also, *ante,* p. 18, 105 Pac. 40.

*E. E. Blake* and *Don C. Smith,* for plaintiff in error.
*Dale, Bierer & Hegler,* for defendants in error.

TURNER, J. On February 27, 1905, George W. Bellamy, plaintiff in error, plaintiff below, sued the Washita Valley Telephone Company, J. C. Harrell, C. I. Petty, E. A. Harrell, F. H. Wright, G. H. Rowley, H. L. Rowley, and R. D. Reynolds, defendants in error, defendants below, in the district court of Canadian county and in his petition states, substantially, that he is a stockholder in the defendant company, and the capital stock

thereof to be $50,000, divided into 2,000 shares of $25 each, of which plaintiff owned 48 shares and the defendant F. H. Wright 47; that the remainder thereof was pretended to be owned by the defendants J. C. Harrel, C. I. Petty, and E. A. Harrel, in amounts unknown to plaintiff; that on its organization plaintiff was elected president and another stockholder secretary; that thereafter said three defendants pretendedly purchased certain stock of said corporation then owned by defendants G. H. Rowley and H. L. Rowley, but the same was never transferred to them or from the sellers thereof on the books of said company, nor certificates of stock lawfully issued to them nor certificates for the same ever executed to them by plaintiff as president of said company, that if said stock was ever purchased as pretended it was done in violation of an agreement entered into between G. H. Rowley and H. L. Rowley as parties of the first part, and plaintiff and said Wright parties of the second part in writing, to the effect that neither party would at any time acquire more than one-half of the joint holdings of the said four persons, and that in the event either of said parties desired to sell their stock the other party had the preference right to either buy or sell at the named price and that said three defendants took said stock with full knowledge of the rights of plaintiff therein; that by virtue of said assumed ownership of stock said three defendants were assuming to be stockholders in the said corporation, and notwithstanding the fact that no meeting of stockholders or directors had been held since the election of plaintiff as president thereof, said three defendants had assumed and pretended to be and act as officers of said corporation without authority of law, and had taken possession of the property thereof and assumed control and management of said corporation, and were dissipating its earnings and profits in the way of expenses and salaries to themselves, and prays for a receiver of its properties, and for judgment against each of the defendants, except F. H. Wright, determining and adjusting their interests in the stock of said company and that its affairs be wound up and said corporation dissolved.

On the same day notice was served on defendant F. H. Wright,

as vice president of said company, and, after answer filed, pursuant thereto on March 4, 1905, the judge of said court at the time mentioned in said notice heard the application of said plaintiff and appointed a receiver according to the prayer of his petition, who qualified and took possession of the property of the company and entered upon the discharge of his duties as such receiver.

For answer, said three defendants, after interposing a general denial, denied specifically that plaintiff was president of said corporation or owned any stock therein, but alleged that he had parted with the same to the Topeka & El Reno Telephone Company; that they were stockholders therein in good faith to the extent of 105 shares, and had paid therefor a valuable consideration, and denied that the officers of said corporation had refused to permit persons interested as stockholders therein to examine the books and records thereof, or that they were guilty of the conduct charged in plaintiff's complaint, and asked to be discharged with their costs.

That thereafter defendants, not disclaiming, filed a motion to vacate said appointment, which said motion was on June 30, 1905, heard and by the court overruled; that thereafter said receiver made report to the court of his trust, and on December 27, 1905, on his petition, was by the court allowed $25 per month provisionally, and thereafter continued to act as such receiver until November 26, 1906, at which time the cause came on for hearing upon its merits; that on said day after the same was fully heard, the court, in substance, found "the issues in favor of the said defendants upon the facts and law applicable to said cause, except as to the ownership of the corporation stock mentioned and described in the pleadings herein, which the court does not pass upon," and ordered, in substance, that plaintiff take nothing by his suit, that the receiver be discharged, that the property of said company be restored to defendants, and that plaintiff pay all costs, to all of which plaintiff excepted, and on November 28, 1906, filed motion for a new trial which was overruled December 1, 1906, and exceptions saved, the receiver ordered to file his report on a

day certain, and plaintiff given 90 days to make and serve a case-made.

On December 27, 1906, the receiver filed his report, which was excepted to, and on April 13, 1907, the order of November 26, 1906, was modified by interlineation to the extent of disallowing him attorneys' fees, and allowing him certain compensation, to be taxed as costs to plaintiff; with which said exceptions said report was approved, and said receiver ordered to pay over to the telephone company all moneys in his hands belonging to it, $600 of which was to be secured by bond of said company conditioned to be by it returned in case it should appear on appeal that said order was erroneous in requiring plaintiff to pay the receiver's compensation; and which when done he was to stand discharged. To which said order, so far as the same affected said attorney's fees, taxed plaintiff with the costs including the receiver's compensation, plaintiff excepted and was given time to make a case.

From subsequent proceedings, it appears that during the life of said receivership the same extended to certain notes in the hands of J. C. Harrel acting as president belonging to said defendant company, which were turned over to and by the receiver collected, and the proceeds thereof, some $1,140, for some reason not appearing, ordered paid to the clerk of the court. To secure this fund, plaintiff on April 18, 1908, filed his petition in the cause, restated in substance his original contention that he was a stockholder and defendants pretended stockholders in said company, alleged himself to be the president thereof. and as such entitled to said fund, and prayed the court to require said fund to be turned over to him whereupon the court found that defendant "J. C. Harrel, as acting president of the said Washita Valley Telephone Company, is the proper person to receive said funds," and ordered the same turned over to him, to all of which plaintiff excepted, and was given 90 days in which to make and serve a case-made. This was signed and settled June 3, 1908, and proceedings in error brought in this court on June 8, 1908, by which he seeks to review and reverse said orders.

But it is contended by defendants in error that this cannot

be done because they say that no proceeding in error for a reversal of said order of November 26, 1906, passing on the merits of the cause, nor of the order of December 1, 1906, overruling plaintiff's motion for a new trial, nor of the order of April 13, 1907, modifying the order of November 26, 1906, was filed in this court within one year from the rendition thereof. In this we concur. "Proceedings for the reversing, vacating, or modifying judgments or orders must be commenced within one year after the rendition of the judgment or order complained of." *Ryland v. Coyle,* 7 Okla. 226, 54 Pac. 456; *Hoffman v. Board of County Commissioners,* 8 Okla. 225, 57 Pac. 167; *Wedd v. Gates,* 15 Okla. 602, 82 Pac. 808; *Hebeison v. Hatchell,* 17 Okla. 260, 87 Pac. 643; *Porter et al. v. Brook,* 21 Okla. 885, 97 Pac. 645; *School District, etc., v. Fisher et al.,* 23 Okla. 9, 99 Pac. 646; *Doorley v. Buford, etc., Mfg. Co.,* 5 Okla. 594, 49 Pac. 936; *Dick et al. v. Williams et al.,* 87 Wis. 651, 58 N. W. 1029; *Castle v. City of Madison et al.,* 113 Wis. 346, 89 N. W. 156; *Sanford v. Weeks et al.,* 50 Kan. 339, 31 Pac. 1088. But in said decree of November 26, 1906. it is specially provided:

"Thereupon the court announced its findings and decision, and finds the issues in favor of said defendants upon the facts and law applicable to said cause, except as to the ownership of the corporation's stock mentioned and described in pleadings herein, which the court does not pass upon."

So it is clear that there was no adjudication as to the ownership of stock in said corporation by said decree. If it was error in such proceedings to fail to pass thereon, such error cannot be reviewed in an appeal commenced after the expiration of one year from the rendition of the judgment or order complained of, such judgment having become final. However, the exception in said decree as to the ownership of said stock, becomes final, and consequently there was no adjudication as to such ownership.

In the order of April 18, 1908, proceedings in error to review which were brought to this court within one year from the rendition thereof, it is contended that the district court of Canadian county erred by ordering the clerk of that court to pay the fund held by the clerk of the court to J. C. Harrel, as acting president of the

Washita Valley Telephone Company, without the finding by that court that the said J. C. Harrel was a stockholder and officer of said defendant corporation, the Washita Valley Telephone Company. It seems that the said sum of $1,140 was held by the clerk of the district court as a fund belonging to said corporation. If the plaintiff in error was a stockholder of said corporation, he had a right to see that such fund was paid by the clerk as custodian under the order of the court to the proper officer of said corporation for receiving said fund. It appears from the record that the lower court refused to hear testimony in order to ascertain who the proper officer of the said corporation was to receive said fund, and made the order complained of without hearing any evidence. We do not intimate as to whether or not it was necessary for such officer to be a stockholder of said corporation. That would probably depend upon the by-laws thereof as well as the statutes of this state.

The case is accordingly reversed and remanded, with instructions to the district court to set aside said order, and to proceed to hear and determine who the proper officer of said corporation is for the purpose of receiving and retaining the custody of its funds.

All the Justices concur.