## PHILBROCK v. HOME DRILLING CO. et al.

No. 16614—Opinion Filed May 11, 1926.

**1. Appeal and Error—Review—Effect of Motion for New Trial Filed Out of Time.**

Section 574, C. O. S. 1921, requiring a motion for new trial to be filed within three days after verdict is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial.

**2. Appeal and Error—Time for Appeal not Affected by Vacating and Re-entering Judgment.**

The trial court cannot extend time for appeal by vacating the order or decree, and re-entering it as of a more recent date.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by A. H. Philbrock, against the Home Drilling Company and Guy H. Woodward, trustee, for debt. Judgment for defendants, and plaintiff brings error. Dismissed.

H. S. Samples, for plaintiff in error.

Cochran & Ellison, for defendants in error.

Opinion by WILLIAMS, C. The judgment in the instant case in favor of the plaintiff and against the defendant was rendered on the first day of December, 1924. No motion for new trial was filed, nor was the judgment questioned until the 20th day of January, 1925, at which time the plaintiff in error requested the trial court to vacate and re-enter the judgment as of the 20th day of January, 1925, for the purpose of enabling the plaintiff in error to file a motion for new trial and perfect his appeal. The request was by the court granted and the judgment vacated and re-entered as of January 20, 1925.

The record discloses that the court, in commenting upon the vacation of the judgment of December 1, 1924, made the following remarks:

"Some time after that a judgment was rendered in favor of the plaintiff again, and the other day, January 20, 1925, that judgment was set aside on request of the plaintiff's attorney, or rather upon assertion of the plaintiff's attorney that the court was trying to oppose him from appealing to the Supreme Court. The court thereupon set that judgment aside."

The judgment referred to by the court as having been vacated on January 20, 1925, was the judgment of December 1, 1924, and the judgment rendered on the 20th day of January, 1925, was in lieu of the judgment of December 1, 1924.

On the 22nd day of January, 1925, the plaintiff in error filed a motion for a new trial, complaining only of errors of law occurring at the trial. This court has repeatedly held, in order for the court to review alleged errors occurring at the trial, it is mandatory under section 574, C. O. S. 1921, for such motion to be filed within three days from the rendition of the judgment, unless a showing is made that a party was unavoidably prevented from filing the motion within three days. Bowers v. Cheever, 95 Okla. 71, 218 Pac. 698; Romme v. Hirsh, 71 Okla. 311, 178 Pac. 88; Ewert v. Wills, 72 Okla. 23, 178 Pac. 87.

In the case of Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733, judgment was rendered in favor of the plaintiff on March 16, 1906, and at the same time the defendant was granted until the evidence could be transcribed to file his motion for a new trial, and on March 20, 1906, or four days after the rendition of the judgment, he filed a motion for new trial, and the court in passing upon the appeal said:

"Snyder's Comp. Laws Okla., sec. 5827, requiring a motion for a new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring on the trial. Held, further, that the trial court has no power to grant an extension beyond the time specified."

In the case of Roberts et al. v. Seals, 43 Okla. 467, 143 Pac. 199, the trial court attempted to extend the three-day period by ordering the clerk to file the motion for new trial as of a date within the three-day period. The judgment was rendered September 27, 1912, and the motion for new trial was indorsed with the stamp of the clerk dated September 27, 1912. On the hearing of a motion to strike the motion for new trial, it developed that the motion for new trial was not in fact filed until the 11th day of October, 1912. The clerk testified that the judge ordered him to file the motion as of September 27, 1912. There was also testimony as to an agreement of counsel that the defendant should have a longer time than the statutory period in which to file his motion for a new trial. In dismissing the case, the court said:

"There was no attempt to show by the defendant below that he was unavoidably prevented from filing the motion for new trial within the three-day period. The trial court overruled the motion to strike, and in this he erred. The defendant did not even attempt to show that he was unavoidably prevented from filing his motion within time, and it mattered not whether there was an agreement of counsel for extending the time, or that the trial court ordered

the motion filed as of a date which placed it within the statutory period."

In 3 C. J. 1070, the general rule is laid down as follows:

"An extension of time cannot be made indirectly by repeating the judgment, order, or decree, by an amendment or modification not changing its legal effect, by a motion to vacate the same, by vacating and re-entering or refiling it as of a more recent date."

In 2 Ruling Case Law 104, it is said:

"The Legislature has general power to prescribe the time within which writs of error may be sued out or appeals taken, and it is essential to the jurisdiction of the appellate court that the procedings be taken within the time limited, and the trial court has no inherent power to extend the time, either directly or indirectly. Thus, where an appeal has not been taken within the required time, the court has no power indirectly to extend the time for appealing by vacating, for such purpose, the judgment, order or decree, and entering it as of a later date. * * *"

In the case of Bank of Monroe v. Widner et al., 11 Paige (N. Y.) 529, 43 Am. Dec. 768, it is held in the syllabus:

"Court cannot extend time for appeal by vacating the order or decree, and re-entering it as of a more recent date."

And in the body of the opinion the court said:

"The time for appealing from an order or decree of the vice chancellor being limited by statute, the court has no power to extend the time for appealing, indirectly, by vacating the decree or order and entering it as of a more recent date, for the mere purpose of giving a party the right to appeal."

The appeal is dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 966 § 862; 29 Cyc. pp. 927, 929. (2) 3 C. J. p. 1070 § 1077; 2 R. C. L. p. 105; 1 R. C. L. Supp. p. 398.