## STARR et al. v. WOODS.

No. 23596.  Opinion Filed Jan. 31, 1933.
Rehearing Denied March 7, 1933.

Kight, Johnson & Kight, for plaintiffs in error.

Robson & Moreland, for defendant in error.

PER CURIAM. On the 3rd day of May, 1932, plaintiff in error filed petition in error and case-made in this court. On the 23rd day of May, motion to dismiss the appeal was filed, alleging the jurisdictional defect of failure to file within six months from the order overruling the motion for new trial. The judgment in the matter was rendered on August 17, 1931, as appears from the record at pages 122 to 127, and the order overruling motion for new trial appearing in the case-made at pages 129 to 131, was made in the April, 1931, term

of that court, as appears from the Session Laws of 1927, chapter 40, page 61 [O. S. 1931, sec. 3832].

It is apparent that the plaintiff in error had six months from September 21, 1931, which would have been March 21, 1932, in which to file petition in error and case-made in this court, unless at that date something of a nature which must be shown affirmatively by the proceedings extended the time in which to perfect the appeal.

The plaintiff in error has not responded to this motion to dismiss, and the only excuse shown for failure to lodge the appeal in this court within six months from the date heretofore given appears in the application for additional time to prepare and serve case-made filed in this court May 3, 1932, to which a response was filed by defendant in error on the same date.

No authorities are cited in this application at all, and it is the opinion of the writer that it offers no excuse under the law and that the error alleged therein or mistake was the mistake of the attorney in not being diligent in keeping up the orders, and does not come within the purview of accident or mistake permitting the amendment or additional time in which to prepare and serve a case-made.

Defendant in error urges that the purported order of December 7th was made after term, without notice or form under the statute, and is therefore void and may be considered as if not made. Under the rule in Pettis v. Johnston, 78 Okla. 277, 190 P. 681, and many authorities of this court, the contention of the defendant in error is correct.

This court has further held in the case of Philbrock v. Home Drilling Co., 117 Okla. 266, 246 P. 457, that:

"The trial court cannot extend the time for appeal by vacating the order or decree and re-entering it as of a more recent date."

The authorities cited by defendant in error amply support his contention that the appeal was not lodged in this court within six months from the date of the order overruling the motion for new trial, and the appeal is therefore dismissed.