MANOS et al. v. LECHE.

No. 34198.   Oct. 16, 1951.

*236 P. 2d 693.*

Kermit Nash, Drumright, for plaintiffs in error.

Clyde Patrick, Co. Atty., and Doyle Watson, Asst. Co. Atty., Drumright, for defendant in error.

John W. Tillman and Fred A. Tillman, Pawhuska, for plaintiffs in error.

C. L. Armstrong, Ponca City, Frank T. McCoy, John T. Craig, and John R. Pearson, Pawhuska, for defendant in error.

BINGAMAN, J. This is an action for an accounting and the cancellation of a note and mortgage brought by J. R. Manos and Lucille Manos against Melburn Leche. The defendant filed an answer and cross-petition in which he asked judgment on foreclosure of the mortgage debt and in a second count for judgment upon a running account. The trial court rendered judgment in favor of the defendant, decreeing the foreclosure of the mortgage. No personal judgment was rendered against the plaintiffs. Plaintiffs appeal.

Defendant has filed a motion to dismiss the appeal on two grounds: (1) that the brief filed in this court by plaintiffs wholly fails to comply with the rules of this court, and (2) that the appeal was not filed within time. The motion to dismiss could be sustained on the first ground, since the brief of the plaintiffs wholly fails to comply with our rules. We base our decision upon other grounds.

From the record it appears that the trial court rendered judgment in favor of the defendant and against plaintiffs on November 15, 1948, the judgment for defendant being a judgment in rem in the sum of $17,120.28, with an additional sum as attorneys' fees, and decreeing the foreclosure of the defendant's mortgage upon certain real estate covered thereby. Thereafter, within due time, plaintiffs filed their motion for new trial, which was overruled by the trial court on December 6, 1948, at which time the trial court modified the judgment by deducting therefrom the sum of $46.36, which was not objected to by either of the parties. Plaintiffs gave notice of appeal. Thereafter, on December 8, 1948, plaintiffs filed another motion for new trial, moving the court to set aside the judgment rendered on November 15, 1948, on the same grounds and for the same reasons as those alleged in the first motion. This motion was never ruled upon by the trial court. Thereafter, on December 21, 1948, plaintiffs filed a supplemental motion for new trial on the ground of newly discovered evidence, in which they adopted and reiterated all the grounds set forth in their original motion. At the time they obtained leave to file this motion they asked leave of the court to withdraw all notices of appeal theretofore given in the case, and all such notices of appeal were withdrawn and ordered canceled and stricken.

On January 3, 1949, the trial court overruled plaintiffs' supplemental motion for new trial; plaintiffs gave notice of their intention to appeal, and the trial court extended their time to make and serve case-made. The appeal was filed in this court on June 27, 1949, which was less than six months from the date of the overruling of the supplemental motion for a new trial, but more than six months from the date of the overruling of the first motion on December 6, 1948.

12 O. S. 1941 §972 provides that all proceedings for reversing, vacating or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of. It is therefore apparent that as to all the grounds for new trial specified in the first motion for new trial, the appeal was not filed within time, and the time could not be extended by the incorporation of such grounds in the supplemental motion for new trial. The fact that the trial court permitted notice of appeal to be given and extended the time to make and serve case-made does not

help the plaintiffs, since we have held that the trial court cannot extend the statutory time within which to appeal. Sowers v. Archer, 161 Okla. 148, 17 P. 2d 422; Philbrock v. Home Drilling Co., 117 Okla. 266, 246 P. 457.

Also, as to those grounds, the supplemental motion was filed more than three days after the judgment rendered on November 15, 1948, and thus was violative of 12 O. S. 1941 §653, providing that the motion must be filed within three days after the judgment was rendered.

We have held that the trial court could not grant an extension of time within which to file a motion for new trial beyond that specified in 12 O. S. 1941 §653. State v. Swan 139 Okla. 204, 281 P. 803: Roberts v. Seals, 43 Okla. 467, 143 P. 199. It follows that the only ground of the supplemental motion which we can consider here is that of newly discovered evidence.

In their supplemental motion plaintiffs set out as newly discovered evidence a recorded assignment of the note and mortgage upon which the judgment was rendered, made by the defendant to one Donohue on the 1st day of November, 1946. They further set out that they have discovered or located two new witnesses, whose testimony would be material and would be in their favor. The motion wholly fails to show any diligence on the part of plaintiffs in procuring this testimony or to excuse the delay or lack of diligence on their part. There is no allegation in the motion or showing in the record that they could not have procured this evidence at the time of the trial by the exercise of reasonable diligence. Nor is the motion supported by affidavit.

12 O. S. 1941 §651 permits the filing of a motion for a new trial on the ground of newly discovered evidence material for the party applying, which he could not with due diligence have discovered and produced at the trial. 12 O. S. 1941 §654 requires that the application be supported by affidavits.

In Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. 2d 909, we said:

"Before a new trial should be granted on the ground of newly discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party to merely allege that he used due diligence, but he must show the facts, so that the court can see whether there was due diligence."

And in Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846, we said that alleged newly discovered evidence consisting of public records, of which a party had presumptive knowledge and of which by the exercise of diligence he could have had actual knowledge, would not warrant the granting of a new trial. In that case we further said that the granting of a new trial on newly discovered evidence was a matter within the judicial discretion of the trial court, and that unless from the record it appeared that such discretion had been abused, the ruling of the trial court would not be disturbed upon appeal. Since there is no showing of diligence as to the alleged newly discovered or located witnesses, and as it appears that the assignment of the note and mortgage referred to were matters of record long before the trial of the cause, the trial court did not abuse his discretion in overruling the motion for new trial on the ground of newly discovered evidence.

Affirmed.