**GRANT SQUARE BANK & TRUST COMPANY, an Oklahoma banking corporation, Appellee,**

**v.**

**Cecil William WERNER and Shirley Ruth Werner, Appellants.**

**No. 71707.**

Supreme Court of Oklahoma.

Oct. 3, 1989.

Rehearing Denied Nov. 15, 1989.

[redacted]

**110**

Gary Shores, Dewbre & Shores, Oklahoma City, for appellants.

Thomas S. Bala, Oklahoma City, for appellee.

## MEMORANDUM OPINION

OPALA, Vice Chief Justice.

The dispositive question to be answered is whether, pursuant to extant case law and the provisions of Rule 27,[1] the time to appeal from a judgment given *in absentia* is triggered by the judge's notice to the parties *sent in advance* of the ruling's entry on the appearance docket. Our answer is in the affirmative.

Appellants brought their petition-in-error on September 14, 1988 for review of a judgment which was given *in absentia* after the case had been taken under advisement. By its June 21, 1988 letter, the trial court notified the parties of its appealable decision, which was presumably mailed the same day.[2] Because the petition-in-error was brought *after* the expiration of 30 days from the day the judge's letter-notice was sent to the parties, this appeal must be dismissed as fraught with a fatal (jurisdictional) flaw.

In accordance with the trial court's instruction, the appellee prepared the journal entry, which was filed August 16, 1988. Within 30 days of that date the appellants filed their September 14, 1988 petition-in-error, attaching a copy of the journal entry. Because the latter instrument shows on its face judgment was rendered more than 30 days earlier, this court directed them to show cause why the appeal should not be dismissed as untimely. Appellee then moved for this court's ruling on the *sua sponte* inquiry into its cognizance.

The appellants maintain appeal time did not begin to run *until* the journal entry was filed on August 16, 1988. For support of this thesis they attach a copy of the appearance docket, which indicates merely that the trial court took the case under advisement on May 23, 1988. Appellee's response supplies this court with a copy of the trial court's June 21, 1988 letter-ruling

1. See *infra* note 3.

2. Since none of the parties questions *when* the trial judge actually mailed his letter-ruling, we must assume it was sent the day indicated on that document, June 21, 1988.

as well as an affidavit stating its counsel received that document "on or before June 24, 1988." As their *only* argument for the appeal's timeliness the appellants urge that time to bring a petition-in-error does not begin to run until a judge's *in absentia* ruling is *filed* in the court clerk's office and then its copy is sent to counsel.

 The trial court's *in absentia* judgment is *not* deemed to have been rendered so as to trigger an appealable event *until notice of that judicial act is mailed to the parties. McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 [1981]; Rule 27, Rules for the District Courts, 12 O.S. Supp.1985, Ch. 2, App.[3] Inasmuch as the time for bringing review does not begin to run from the day an appealable decision is memorialized, but rather from its effective pronouncement, *Warehouse Market, Inc. v. Berry,* Okl., 459 P.2d 853, 854 [1969], the time to file this appeal from an *in absentia* judgment began to run on June 21—when the judge sent his *McCullough* notice—not from August 16, the day journal entry was filed.

The appellants read into *McCullough* and into the text of Rule 27 a *sine qua non* condition that the trial court's *in absentia* letter-ruling *must* be entered on the appearance docket to trigger appeal time.

Neither *McCullough* nor Rule 27 imposes the stricture appellants attempt to infuse into the text of the invoked legal sources.

*McCullough* teaches *it is the act of giving notice to the parties*—either by mail or by personal delivery to the affected parties, directly or through their counsel—*that triggers appeal time for an appealable in absentia ruling.* Consistently with *McCullough*'s mandate, the last sentence in the text of Rule 27, which approvingly restates the teaching of that case, explicitly provides that

" * * * *[t]he time to appeal from a decision rendered in absentia runs from the day its copy is mailed or personally delivered to the parties.* [Emphasis added.]"

Were this court to hold, as the appellants urge, that notice *must* be preceded by entry of the judge's ruling on the appearance docket and its filing in the case, far *greater* legal efficacy would be attached to the court clerk's notice than to an unfiled notice sent directly from the judge's chambers. This indeed would lead to an absurd and impermissible result. Every legal norm, whatever its source—statute, common law or court rule—must be construed in a manner that will avoid absurd consequences.[4] See *Berry v. Public Emp. Re-*

---

3. The pertinent terms of Rule 27, Rules for the District Court, 12 O.S.Supp.1985, Ch. 2, App., are:

"In any matter taken under advisement....

\* \* \* \* \* \*

"[u]pon entering and filing the decision with the court clerk, it shall be the duty of the judge to see that copies of the minute of order or judgment setting out such decision are delivered or mailed by the court clerk to counsel in the case and to any party appearing pro se. *The time to appeal from a decision rendered in absentia runs from the day its copy is mailed or personally delivered to the parties.*

"See, *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332 (1981). [Emphasis added.]"

4. Two scenarios demonstrate the absurd results that would inevitably flow from an adoption of the appellants' Rule 27 construction. Assume that the judge sends notice of the *in absentia* ruling to the parties and they receive it; the court clerk, although in receipt of a copy, never enters it on the appearance docket and does not mail it to the parties. No appealable event would take place and the judge's decisional act would be nullified by the clerk's inaction.

Assume that, as in the first example, the parties receive notice of the judge's *in absentia* ruling. The court clerk, although in receipt of a copy, enters it on the appearance docket but does not mail it to counsel until six months later. If we were to follow appellants' view, the clerk's omission by lack of diligence would operate as a valid extension of appeal time. Thus, the clerk would be given indirectly a power the trial judge himself cannot exercise either directly or obliquely. Since before statehood this court has been faithfully committed to the doctrine that the trial court is *utterly without authority* to extend appeal time *by any means or in any manner,* direct or oblique. See *Herring v. Wiggins,* 7 Okl. 312, 54 P. 483 (1898) (the court's syllabus ¶ 1); *Bellamy v. Washita Valley Telephone Co.,* 25 Okl. 792, 108 P. 389 (1910) (the court's syllabus ¶ 2); *Philbrock v. Home Drilling Co.,* 117 Okl. 266, 246 P. 457 (1926) (the court's syllabus ¶ 2); *Starr v. Woods,* 162 Okl. 242, 19 P.2d 561, 562 (1933); *Manos v. Leche,* 205 Okl. 213, 236 P.2d 693, 695 (1951); *Salyer v. National Trailer Convoy, Inc.,* Okl., 727 P.2d 1361, 1362 n. 2 (1986); Rule 1.15(a), Rules of Appellate Proce-

*tirement System,* Okl., 768 P.2d 898, 901 [1989]; *Grand River Dam Authority v. State,* Okl., 645 P.2d 1011, 1019 [1982].

Appellants *do not claim* they never received a copy of the trial court's June 21, 1988 letter-decision. That document reflects that a copy of it was sent to them. They have neither questioned that critical fact, which triggers appeal time, nor tendered any material to refute it. We must assume that if appellants had not received the letter, they would have filed a counter-affidavit to that effect. See *Lawrence v. Cleveland County Home Loan Authority,* Okl., 626 P.2d 314, 315 [1981]; Rule 7, Rules of the Supreme Court, 12 O.S.1981, Ch. 15, App. 1.[5]

The judge's letter-notice of his *in absentia* ruling cannot be robbed of its legal efficacy by a *patently absurd construction* of *McCullough* or Rule 27. The appellants' view would make a clerk's act of filing, followed by that official's notice-giving, absolutely indispensable to giving a judicial decision the attributes of appealability. Neither *McCullough* nor Rule 27 makes the validity of a judge's notice of an *in absentia* judgment depend on its entry upon the appearance docket.

This court's *sua sponte* inquiry into its cognizance has revealed a fatal jurisdictional flaw which clearly is incurable. Appellee's motion is accordingly sustained and the

APPEAL DISMISSED.

HARGRAVE, C.J., and LAVENDER, SIMMS and DOOLIN, JJ., concur.

HODGES, ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.

HODGES, Justice, dissenting:

I dissent from the Court's Order of Dismissal. In my opinion the petition in error was timely filed.

dure in Civil Cases, 12 O.S.Supp.1985, Ch. 15, App. 2, whose pertinent terms are:
"The petition in error shall be filed within thirty days from the final judgment or final order; * * * *The interval allowed for filing a petition in error may not be extended by either the trial tribunal or this Court.* * * * [Emphasis added.]"

While appellate practice is never a practicing attorney's dream, neither should it be a nightmare. Yet, oftentimes, when a trial judge takes a case under advisement and attempts to render the decision in absentia outside the confines of a courtroom, the appealing attorney's milieu is havoc and confusion.

This dilemma is ideally portrayed in facts of this case. An adversarial trial was heard by the trial judge who took the case under advisement on May 23, 1988. On June 21, 1988, a letter was mailed by the trial judge to the attorneys informing them of his decision. The appellee's attorney was requested to prepare a journal entry of judgment and submit it to appellants' attorney for approval. On August 16, 1988, the final judgment was signed by the judge and filed of record in the case.

The decisional letter of May 23 by the trial judge was not filed in the case, nor was there any minute or order of judgment filed before the filing of the Journal Entry of Judgment on August 16, 1988. On September 14, 1988, appellants timely filed their Petition in Error.

In *McCullough v. Safeway Stores, Inc.,* 626 P.2d 1332 (Okla.1981), where a decision was taken under advisement, the trial court's mailing of a letter announcing the decision to both sides was held to be the date which commenced the running of appeal time. In the present case, however, although the trial court took the matter under advisement, the letter was not, as it was in *McCullough,* filed by the trial court in the case.

Also, Rule 27 of the District Courts, 12 O.S. Ch. 2 App. (1985), provides that in any matter taken under advisement the decision must be entered and filed with the court clerk. It then is incumbent upon the judge to see that copies of the minute of order or

5. The terms of Rule 7, Rules of the Supreme Court, 12 O.S.1981, Ch. 15, App. 1, provide:
"All motions, petitions, applications or suggestions shall contain a brief statement of facts and of the objects thereof, and except in cases where all the facts relied upon are of record in this Court, shall be supported by affidavit."

judgment setting out such decision are delivered or mailed by the court clerk to counsel in the case. Only when the absentia decision is filed, entered, and mailed to the attorneys, does the commencement of the time to appeal begin.

Since the present record indicates this step was not taken, appeal time did not commence to run in this particular case until the journal entry of judgment was filed. The petition in error was filed within thirty days thereof and was thus timely.

I am authorized to state that Justice KAUGER and Justice SUMMERS join me in the views expressed herein.