Jay LUCAS, Appellant,

v.

Bill BISHOP and Vickie Lynn Bishop, husband and wife, Appellees,

and

Dorothy M. Lifsey, Defendant.

No. 82265.

Supreme Court of Oklahoma.

Feb. 14, 1995.

Clyde Stallings, Durant and Faye Bancroft, Little Rock, AR, for appellant.

Bob E. Savage, Tishomingo, for appellees.

## MEMORANDUM OPINION

SUMMERS, Justice.

Lucas and the Bishops were parties to a written contract for deed. Lucas, the seller, brought an action in the District Court against the Bishops.[1] He alleged that he was entitled to accelerate the unmatured future installment payments, recover them plus interest and attorney's fees, and foreclose against the property. The Bishops moved for summary judgment. Their motion was sustained, and the trial court also granted attorney's fees and costs to the defendants.

The only issue at this stage of the appeal is whether the plaintiff's appeal was timely commenced. We conclude that it was timely, and deny the defendants' motion to dismiss.

On May 4, 1993, the trial judge signed and filed a "court minute" sustaining defendants' motion for summary judgment. Next, on

---

1. The additional defendant, Dorothy Lifsey, disclaimed any interest in the property at the time of service of process.

May 6 the judge signed and filed a court minute clarifying the ruling of May 4, and listed claims in controversy that no judgment has been granted on.[2] Then on July 2 the trial judge signed and filed a third court minute awarding costs and attorney fees to the defendants.

Plaintiff filed a Motion for New Trial on July 30, 1993 and sought a new adjudication on attorney fees. On August 12, 1993 the trial judge signed and filed a Journal Entry memorializing the earlier grant of summary judgment. On the next day, August 13th, the judgment of August 12 was withdrawn by the trial judge. Then on August 18, 1993 a second Journal Entry was filed, reinstating the August 12th Journal Entry. The petition in error was mailed to this Court on September 9, 1993 in compliance with the Rule 1.15 of the Rules of Civil Appellate Procedure, and is deemed filed that date. Rules of Civil Appellate Procedure, 12 O.S.1991 Ch. 15, App. 2, Rule 1.15.

■ The Court recently explained that prior to October 1, 1993 a judge-signed minute completely adjudicating a controversy was an appealable order. *Manning v. State ex rel. Dept. of Public Safety,* 876 P.2d 667 (Okla.1994). See also *Mansell v. City of Lawton,* 877 P.2d 1120 (Okla.1994) and our discussion of judge-signed minutes filed *after* October 1, 1993.[3] However, we need not address which, if any, of the minute orders here was a final appealable order. In *Manning, supra,* we determined that its holding would operate prospectively from the date of the opinion. The date of *Manning* is June 7, 1994, and several months after our District Court's minute orders here. The subsequent Journal Entries were filed on August 12 and August 18, 1993.

The August 18th Journal Entry determined that the order sustaining summary judgment on May 4, 1993 was not a partial summary judgment but "an award of full and complete summary judgment in favor of Defendants, . . . ." The trial court noted that the plaintiff had requested clarification of the previous orders. Then the court stated that the prior order awarding summary judgment and the order regarding attorney's fees "are made effective as of this date and that Plaintiff's appeal time shall commence as of this date as to all issues pertaining thereto." The court then "reinstated" the journal entry of August 12th.

■ A trial judge's discretion under 12 O.S.1991 § 1031.1 to vacate a judgment is unfettered by statutory grounds and is coextensive with that at common law. *Schepp v. Hess,* 770 P.2d 34, 38 (Okla.1989). However, a trial judge may not vacate a judgment and reinstate that same judgment to extend the statutory time to commence an appeal. *Salyer v. National Trailer Convoy, Inc.,* 727 P.2d 1361, 1362 n. 2 (Okla.1986). We thus conclude that the journal entry filed August 12, 1993 was the judgment filed in the District Court that commenced the time to appeal. The petition in error filed on September 9, 1993 was within the statutory 30–day period for commencing appeals. 12 O.S.1991 § 990A. The motion to dismiss is denied and the appeal shall proceed.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE and WATT, JJ., concur.

SIMMS and OPALA, JJ., dissent in part.

OPALA, Justice, with whom SIMMS, J., joins, dissenting in part.

Concluding that the appellant's petition in error was timely filed, the court holds today that the August 18, 1993 record entry of the trial court's ruling tendered for our review— and not the earlier May 4, 1993 filed memorial[1]—triggers appeal time in this case. In

---

**2.** The trial court stated that it was not adjudicating claims on alleged delinquent or unpaid amounts, the dispute on the payment of taxes, and any amounts becoming due since the commencement of the suit. Due to our disposition of the matter we need not determine whether the trial court's order was a partial summary judgment on fewer than all of the claims.

**3.** October 1, 1993 was the effective date of 12 O.S.Supp.1993 § 696.2, which provides that minute entries shall not be appealable orders.

**1.** The May 4 memorial is in the following form:

IN THE DISTRICT COURT OF
BRYAN COUNTY, STATE OF OKLAHOMA
COURT MINUTE

reaching its conclusion the court incorrectly applies *Manning's* [2] rule of prospectivity. Since the trial judge did not request either party's counsel to prepare *another memorialization* of his May 4 ruling, there was *no confusion* about the effective date of the summary judgment given to Bill Bishop and Vickie Lynn Bishop [Bishops or buyer] or of the court's May 6, 1993 modification.[3] Because the provisions of 12 O.S.Supp.1993 §§ 696.2(C) and 696.3 did not become effective until *after* the appealable event in this case,[4] Jay Lucas' [Lucas or seller] appeal from the nisi prius summary judgment was *untimely* brought on September 10, 1993. It should hence be dismissed. Insofar as Lucas seeks review of the August 12, 1993 denial of his motion for new trial which addressed itself to the counsel-fee award (to the Bishops), his appeal is *timely*. I hence concur insofar as the court holds that the latter ruling lies within our reviewing cognizance.

# I

## THE ANATOMY OF LITIGATION

By contract for deed Lucas sold the Bishops certain lands. On several occasions the Bishops failed timely to make scheduled payments, prompting Lucas to sue them (1) for the *full* amount of the purchase price and (2) for foreclosure of a claimed vendor's lien upon the premises. On February 26, 1993 the Bishops moved for summary judgment, asserting that (a) the contract for deed did

JAY LUCAS
Plaintiff(s)
  vs
BILL BISHOP, et al
  Defendant(s)
/s/RLP _____
_____ May 4, 1993 No. C–92–296
Def's motion for summary
judgment is sustained.
Exceptions allowed.

Copies to counsel.

  /s/Randy L. Powers

**2.** *Manning v. State ex rel. Dept. of Public Safety*, Okl., 876 P.2d 667 (1994).

**3.** The nisi prius court's May 6, 1993 modification of its judgment is authorized by the provisions of 12 O.S.1991 § 1031.1. Its terms are:

not contain an acceleration clause and allowed for foreclosure *only if* the buyer defaulted on installments for three or more consecutive months and (b) Lucas could not prevail under the facts shown by the evidentiary materials before the court. By *record entry* dated May 4, 1993, *signed by the trial judge and filed with the court clerk's office, the court gave summary judgment* to the Bishops. On May 6, 1993 the court effected a *sua sponte* § 1031.1 [5] modification that clarified its May 4 entry. *Copies of both memorials were provided to counsel.* Lucas filed neither a motion for new trial nor an appeal to challenge these two rulings within the statutorily-prescribed time.

On July 21, 1993 the trial court awarded to the Bishops their counsel fee and costs. Lucas then moved for new trial or alternatively to vacate that award, which was denied on August 12, 1993. The following day the court withdrew its August 12 order and then reinstated it on August 17, 1993. Lucas' petition in error, brought here on September 10, 1993, seeks review *not only* of the May 4 summary judgment *but also* of the August 12 counsel-fee award.

# II.

## AN INSTRUMENT'S MEANING OR EFFECT DEPENDS UPON ITS CONTENT AND SUBSTANCE RATHER THAN ON ITS FORM OR TITLE [6]

"Within thirty (30) days after the rendition of a judgment, the court, *of its own initiative* or on motion of a party, may correct, open, modify or vacate a judgment. The court may prescribe what notice, if any, shall be given." [Emphasis added.]

**4.** *See infra* note 23 for the terms of 12 O.S.Supp. 1993 §§ 696.2(C) and 696.3, which became effective October 1, 1993.

**5.** For the terms of 12 O.S.1991 § 1031.1, see *supra* note 3.

**6.** *Sellers v. Oklahoma Pub. Co.*, Okl., 687 P.2d 116, 118 (1984); *Horizons, Inc. v. KEO Leasing Co.*, Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes*, Okl., 645 P.2d 471, 473 (1982); *Boose v. Hanlin*, Okl., 346 P.2d 932, 935 (1959).

Judgments,[7] orders [8] and minutes [9] are facially distinguishable instruments. Recognizable by their content, appearance and substance, each of these writings has a distinct legal identity.[10] Record entry [11] of judgment may never be accomplished by a clerk's minute or by an unsigned, initialed or incomplete abstract of proceedings placed on a minute form later posted on the appearance docket.[12] Rather, it is accomplished by the *filing* of a memorial that meets the 12 O.S.1991 § 24 [13] recordation criteria (the judge's full signature and a clear indication of the relief afforded). The filing of the *recordable memorial* begins the 12 O.S.1991 § 990A [14] *countdown for commencing an appeal.*[15]

The substance and content of the May 4 entry [16] give it all the requisite attributes *of a summary judgment. It is not a minute.* If

---

7. *"A judgment is the final determination of the rights of the parties in an action."* 12 O.S.1991 § 681. [Emphasis added.] *See Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147, 150 (1942).

8. An *order* is a *"direction of a court or judge made* or *entered in writing,* and not included in a judgment." 12 O.S.1991 § 1116. [Emphasis added.]

9. Practitioners will be well advised to notice the provisions of § 9 of House Bill No. 1468, 1993 OKLA.SESS.LAWS Ch. 351 (to be codified at 12 O.S.Supp.1993 § 696.2), not in force at the time of the appealable event in this case, which provide in pertinent part:

   "The following shall *not* constitute a judgment, decree or appealable order: A *minute entry....*" [Emphasis added.]

10. The term "minute order" has *no legal meaning.* This oxymoron crept into courthouse parlance when, because of county budgetary constraints that eliminated the availability of some courtroom deputies, judges began writing and signing at the bench *short, recordable orders.* Oklahoma is not the only state to be plagued by oxymorons. *See, e.g., Woodland v. Woodland,* 147 N.W.2d 590, 601 (N.D.1967), for an instrument dubbed a "judgment order."

11. The terms of 12 O.S.1991 § 32.1 provide in pertinent part:

   *"The record shall be made up from* the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, *judgments,* and all material acts and proceedings of the court...." [Emphasis added.]
   Entry of judgment in the § 32.1 sense means *entering the memorialization that meets the § 24 recordation criteria for inclusion in the court's "record proper"—a term which is synonymous with "common-law record" and "judgment roll." See Messenger v. Messenger,* Okl., 827 P.2d 865, 870 n. 20 (1992); *Veiser v. Armstrong,* Okl., 688 P.2d 796, 800 n. 10 (1984); *Mid–Continent Pipe Line Co. v. Seminole County Excise Bd.,* 194 Okl. 40, 146 P.2d 996, 1000 (1944). For the pertinent terms of § 24, see *infra* note 13.
   The judgment roll's *statutory* definition has remained the same for over 100 years. For an extensive discussion of the judgment roll, its history, and its elements, see A. FREEMAN, A TREATISE OF THE LAW OF JUDGMENTS §§ 175–193 (5th ed. 1925).

12. *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 n. 8 (1981). The *appearance docket* is not a part of the court's *judgment roll.* The latter has been held to be the court's only *official memorial* and the only medium through which it speaks. *Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 (1986). The appearance docket is nothing more or less than a *chronological index* of the papers filed and the abstracts of significant courtroom events in a case. *See* 12 O.S.1991 § 23, the terms of which provide in pertinent part:

   "On the *appearance docket* [the clerk] shall enter all actions in the order in which they are brought ... [including] an *abstract of all judgments and orders of the court. An abstract shall contain a very brief description of the order or judgment rendered...."* [Emphasis provided.]

13. The pertinent terms of 12 O.S.1991 § 24 are: *"Upon the journal record* required to be kept by the clerk of the district court in civil cases ... *shall be entered* copies of the following instruments on file:"

   \*   \*   \*   \*   \*   \*

   "2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis added.]

14. This appeal is governed by the law in effect in May 1993 when judgment was rendered. *Patmon v. Block,* Okl., 851 P.2d 539, 542–43 (1993). The terms of 12 O.S.1991 § 990A, repealed by 1993 OKLA.SESS.LAWS Ch. 351 § 18, effective October 1993 (to be codified at 12 O.S.Supp.1993 § 990A), provide in pertinent part:

   "An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court *within thirty (30) days from the date the final order or judgment is filed."* [Emphasis supplied.]

15. The judge-signed memorial describing in full the relief granted, filed May 4, 1993, meets all the criteria for a record entry under the statutory regime in effect when the judgment was entered.

16. For the text of the May 4 record entry, see *supra* note 1.

the four corners of the May 4 instrument had yielded no more than an *unsigned* or *initialed* recitation of the events that transpired at trial,[17] my conclusion would be different.[18] The instrument in contest *clearly* gives summary judgment to the Bishops, formally determining the parties' rights in the action. *By application of the § 681*[19] *standards and of the applicable law then in force, the May 4 entry is the recordable*[20] *judgment in the case.* Its text provides that the Bishops are given the relief they sought—*i.e.*, summary judgment—and the "direction" is signed by the judge. In short, the May 4 entry is the filed judgment[21] which may *not* be transmuted into a minute by its *pre-printed "court minute" label.*[22]

The *later-enacted provisions of 12 O.S.Supp.1993 §§ 696.2*[23] *and 696.3*[24], which *today* govern the contents and filing of judgments, *were not in force when judgment was entered in this case. The cited sections do not hence govern this cause.*[25]

## III.

## THE APPEAL'S TIME TRIGGER IS A LAW–DRIVEN MECHANISM WHICH MAY NOT BE EXTENDED BY A TRIAL JUDGE'S LATER DIRECTIVES

This court stands committed to the view that, once an appealable event has occurred, a trial judge is utterly without authority to extend appeal time by any means or in any manner, direct or oblique.[26] The appeal's time trigger is a law-driven mechanism which is beyond the reach of human tinkering by judge or counsel.

By its August 18 order the trial court *doubtless* attempted to breathe new life into the much earlier May 4 summary judgment. The attempt must fail. *Once judgment has become final,* any nisi prius effort to extend the time for an appeal[27] lies beyond the powers of the court and will be held of no avail. Lucas could not appeal from the May 4 judgment later than June 3, 1993.[28] His appeal *against the May 4 summary judgment* should hence be dismissed as tardy.

17. A trial court's minutes are no more than a trustworthy *chronicle of events transpiring in the course of proceedings in a case. Bush v. Bush,* 158 Kan. 760, 150 P.2d 168 (1944).

18. *Martin v. Lib. Nat. Bank & Trust,* Okl., 839 P.2d 179, 180 (1992).

19. For the terms of 12 O.S.1991 § 681, see *supra* note 7.

20. "Recordable" means that by force of § 24 an instrument meeting that section's standards must be entered or *"recorded"* in the court's journal.

21. *See* 12 O.S.1991 § 990A, *supra* note 14, which provides that the filed judgment triggers appeal time.

22. *Manning, supra* note 2 at 671.

23. The pertinent terms of 12 O.S.1993 § 696.2(C), effective October 1, 1993, are:
"The following shall not constitute a judgment, decree or appealable order: *A minute entry ....*" [Emphasis added.]

24. The pertinent terms of 12 O.S.1993 § 696.3, effective October 1, 1993, are:
"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; ...."

25. *See in this connection Mansell v. City of Lawton,* Okl., 877 P.2d 1120, 1121 (1994) (Opala, J., concurring in result).

26. *See Herring v. Wiggins,* 7 Okl. 312, 54 P. 483 (the court's syllabus ¶ 1) (1898); *Bellamy v. Washita Valley Telephone Co.,* 25 Okl. 792, 108 P. 389 (the court's syllabus ¶ 2) (1910); *Philbrock v. Home Drilling Co.,* 117 Okl. 266, 246 P. 457 (the court's syllabus ¶ 2) (1926); *Sowers v. Archer,* 161 Okl. 148, 17 P.2d 422, 423 (1932); *Starr v. Woods,* 162 Okl. 242, 19 P.2d 561, 562 (1933); *Watchorn v. General Finance & Sales Co.,* 162 Okl. 203, 19 P.2d 566 (the court's syllabus ¶ 2) (1933); *Manos v. Leche,* 205 Okl. 213, 236 P.2d 693, 695 (1951); *Salyer v. National Trailer Convoy, Inc.,* Okl., 727 P.2d 1361, 1362 n. 2 (1986); *Grant Square Bank & Trust Co. v. Werner,* Okl., 782 P.2d 109, 111 n. 4 (1989).

27. *Blackwelder v. Naylor,* Okl., 439 P.2d 202, 203 (1967); *Adams v. Hobbs,* 204 Okl. 85, 226 P.2d 913, 914 (1951).

28. *See supra* note 14 for the pertinent terms of 12 O.S.1991 § 990A which govern this appeal.

## IV

### SINCE THE TRIAL JUDGE'S ACTION DID NOT INJECT *ANY* PROCEDURAL CONFUSION INTO THE PROCEEDINGS THAT SURROUNDED THE MAY 4 RECORD ENTRY, *MANNING'S* RULE OF PROSPECTIVITY DOES NOT GOVERN THIS CASE

The court misapplies today *Manning's* rule of prospectivity. In *Manning* confusion was injected by the trial judge's direction—given the day judgment was entered—that, *in addition to the judge's own complete memorial* of the terminal ruling, a party's counsel should prepare *another* journal entry. No such or similar instruction appears in this record. In fact, Lucas has never prepared and filed *another memorial* of the May 4 summary judgment or of its § 1031.1[29] May 6 modification. In light of the pertinent statute and of the applicable extant jurisprudence, there is *in this cause* absolutely no reason to protect the appellant from a "procedural trap for the unwary." *The tightly circumscribed prospectivity rule of Manning* (and of its progenitor, *Poafpybitty*[30]) clearly cannot benefit Lucas.

## V

### SUMMARY

Today's holding that a trial judge has the power to extend appeal time *after* the statutorily prescribed period for appeal has expired represents a sharp break with our past teachings. Extant case law, which bars nisi prius judges from enlarging the statutory appeal time *after its earlier expiration,* must *not* be ignored.[31] Because the trial court's *May 4 record entry,* signed by the judge, gave the relief sought and was regularly filed, it—rather than the later August 18 memorialization—marks the triggering event for an appeal to review the summary judgment in this case. There is here no basis—in the form of some court-generated procedural confusion or of an evolved statutory ambigu-

ity—to justify today's largesse by rewarding Lucas with *Manning's* prospectivity rule. Lucas' appeal against the May 4 summary judgment is simply *untimely.* It should be dismissed.

Since the trial court's *counsel-fee* award to the Bishops became final within thirty days of this appeal's commencement, Lucas' quest for corrective relief from the latter order is timely; he should hence be allowed to proceed for review of that singular issue.

---

29. *See supra* note 3 for the terms of 12 O.S.1991 § 1031.1. *See also Southeastern, Inc. v. Doty,* Okl., 481 P.2d 144, 147 (1971).

30. *Poafpybitty v. Skelly Oil Company,* Okl., 394 P.2d 515, 520 (1964).

31. *See Blackwelder, supra* note 27, and *Adams, supra* note 27.