2000 OK CIV APP 105

**Bach V. NGUYEN, Plaintiff/Appellant**

v.

**John KUZMICKI, JR., Defendant/Appellee**

**No. 94,024.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 8, 2000.

C. Scott Beuch, Oklahoma City, Oklahoma, for Appellant.

Gerald E. Durbin, II, Katherine T. Loy, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Appellee.

JOPLIN, Judge:

¶1 Plaintiff/Appellant Bach V. Nguyen (Plaintiff) seeks review of the trial court's order vacating a default judgment previously rendered against Defendant/Appellee John Kuzmicki, Jr. (Defendant). In this proceeding, Plaintiff asserts the trial court erred as a matter of both law and fact in vacating the default judgment. We find no error as alleged, however, and hold the order of the trial court should be affirmed.

¶2 Plaintiff ostensibly suffered personal injuries in an automobile accident with Defendant. Although Plaintiff averred no injury at the scene of the accident, Plaintiff—through counsel—later contacted Defendant's insurer, demanding settlement of his claim for injuries to his person and property.

¶3 Plaintiff subsequently commenced the instant action by filing of his petition on July 21, 1999, summons issued, and Plaintiff obtained service on Defendant by mail on July 23, 1999. Defendant delivered the petition and summons to his insurance agent, and the agent purportedly assured him that he would forward the pleadings to Defendant's insurer.

¶4 However, the insurance agent apparently failed to advise Defendant's insurer of commencement of the suit, and on September 16, 1999, Plaintiff obtained a default judgment against Defendant in the sum of $13,209.00. On October 8, 1999, Defendant—now represented by counsel—filed a petition to vacate, setting forth the circumstances we have recounted, and alleging "unavoidable casualty and misfortune" justified vacation of the default judgment.

¶5 After a hearing, and on consideration of the facts and circumstances of the case, the trial court vacated the default judgment. Plaintiff appeals.

¶6 In this respect, Plaintiff argues that the specific terms of 12 O.S. § 1031(7), governing petitions to vacate for "unavoidable casualty or misfortune," control over the general terms of 12 O.S. § 1031.1, granting the trial court discretion to "correct, open, modify, or vacate the judgment, decree, or appealable order" on motion of a party within thirty (30) days of entry of the challenged order. *See, e.g., City of Tulsa v. Smittle*, 1985 OK 37, 702 P.2d 367. So, says, Plaintiff, inasmuch as the facts show entry of default judgment attributable to the negligence of Defendant or his agent, Defendant failed to justify vacation of the judgment for "unavoidable casualty or misfortune," and the trial court consequently erred in granting Defendant relief. *See, e.g., Sabin v. Sunset Gardens Co.*, 1938 OK 574, 85 P.2d 294, 295.

¶7 Under 12 O.S. § 1031.1, on motion filed within thirty days of entry of judgment, the trial court "enjoy[s] ... plenary term_time control [to correct, open, modify or vacate a judgment] with 'a very wide and extended discretion' (footnote omitted) that has been described as 'almost unlimited'":

> The common_law term_time authority, *now statutorily reconfirmed by the terms of* [12 O.S.1991] § 1031.1, remains undiminished and may not be abridged by case law. The power so reposed in the trial bench is entirely *unrestricted* either by the [12 O.S.] §§ 651, 1031 or any other statutory grounds. *Neither* the terms of § 1031.1 *nor* those of its common_law antecedents *restrict the exercise of term_time power to any specific grounds.*

*Schepp v. Hess*, 1989 OK 28, ¶¶ 8, 9, 770 P.2d 34, 38. (Emphasis original.) (Footnotes omitted.) *Accord, Lucas v. Bishop*, 1995 OK 7, ¶7, 890 P.2d 411, 412 ("A trial judge's discretion under 12 O.S.1991 § 1031.1 to vacate a judgment is unfettered by statutory grounds and is coextensive with that at com-

mon law.") "The common law's test in force in this state for measuring the legal correctness of a trial court's response to a timely § 1031.1 plea is *whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought.*" *Schepp,* 1989 OK 28, ¶ 9 770 P.2d at 39. (Emphasis original.) (Footnote omitted.)

¶ 8 In the present case, Defendant presented evidence arguably showing that, without the fault of Defendant personally, the entity charged with the legal defense of Plaintiff's claims did not receive timely notice of commencement of the suit, notwithstanding prior and continuing contact between counsel for Plaintiff and Defendant's insurance adjustor during which Plaintiff did not apparently advise Defendant's insurer of commencement of the action. Under the facts and circumstances of the present case, we cannot say the trial court abused its discretion in vacating the default judgment against Defendant.

¶ 9 The order of the trial court is therefore AFFIRMED.

¶ 10 HANSEN, V.C.J., and ADAMS, J., concur.