## FULP et al. v. SAPULPA STATE BANK.

No. 20528. Opinion Filed Nov. 5, 1929.

Rehearing Denied Dec. 17, 1929.

Lucien B. Wright, for plaintiffs in error.

Hughes & Ellinghausen and Miller & Stephenson, for defendant in error.

PER CURIAM. In an action in the district court of Creek county, wherein the Sapulpa State Bank was plaintiff and J. S. Fulp and Beulah Fulp were defendants, judgment was rendered on the 22nd day of May, 1919, in favor of the plaintiff and against the defendants. Thereafter, on September 30, 1926, the defendants filed in said cause their motion to vacate the judgment rendered in the cause upon the grounds no summons was ever issued or served upon the defendants after the filing of an amendment to the petition upon which a decree of foreclosure was rendered and that said judgment upon said amendment to the petition was without notice or knowledge to the defendants. Notice of the motion and of the time the same would be presented to the court for hearing was served on the attorneys of record for the plaintiff and its successors in interest. On October 4, 1926, a hearing on this motion was begun, and after various adjournments the hearing was concluded on the 14th day of November, 1928, and an order made denying defendants' motion to vacate the judgment. Two days thereafter, and on November 16, 1928, the defendants filed their motion for new trial, which motion was on February 28, 1929, overruled. The petition in error with case-made attached was filed in this court July 8, 1929. In the case of Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 Pac. 391, the court announced the following rules:

"Proceedings on appeal to this court must be commenced within six months from the rendition of final judgment or order complained of, and when not so commenced, this court is without jurisdiction to review the order or judgment appealed from, and the appeal will be dismissed.

"The filing and determination of a motion for new trial of a contested question of

fact, not arising upon the pleadings, but upon a motion to vacate a judgment upon the grounds the judgment was rendered without service of summons upon the defendant, is unnecessary to authorize this court to review the order made upon such hearing, and filing of such unnecessary motion for new trial in such proceedings does not extend the time in which to file an appeal."

The motion to vacate the judgment filed in this cause is a proceeding under the 3rd subdivision of section 810, C. O. S. 1921, and the rules announced in the case of Barfield Petroleum Co. v. Pickering Lumber Co. are applicable to the conditions of the record here presented. The appeal not having been filed in this court within six months from the date of the rendition of the order appealed from, this court is without jurisdiction to hear and determine the same, and upon motion of the defendant in error the appeal is dismissed.