## HARDMAN et al. v. WHITNEY.

No. 25076.   Dec. 10, 1935.

Thomas W. Caffey, Jarman & Brown, and Clyde J. Watts, for plaintiffs in error.

H. H. Edwards, D. G. Hart, and S. A. Horton, for defendant in error.

PHELPS, J. Plaintiffs in error, who were defendants in the trial court, appeal from a judgment denying the relief sought by their cross-petition. At the conclusion of the trial, the judge took the case under advisement, and subsequently rendered judgment without notification to the principal defendants. The attorneys for said defendants lived in a different city from that in which the court rendered judgment, and did not learn of the judgment until about a month after its rendition. Then, almost a month after said attorneys learned of the judgment having been rendered, they filed a motion to vacate it. There was a hearing held on this motion, at which evidence was taken and argument had, and it was overruled. Thereafter the defendants filed a motion for new trial, which was also overruled, and subsequently they filed their petition in error in this court, to review said judgment. Defendant in error then moved to dismiss the appeal.

The petition in error was filed more than six months after the overruling of the motion to vacate, and exactly six months (excluding the last day, which fell on Sunday) after the overruling of motion for new trial. The issues may be better understood by reference to the following condensed statement of dates and events:

January 14, 1933—Judgment.

February 12, 1933—Defendants learned of judgment.

March 6, 1933—Motion to vacate was filed.

March 18, 1933—Hearing on motion to vacate, at which evidence was taken.

March 25, 1933—Motion to vacate was overruled.

March 31, 1933—Motion for new trial was filed.

April 8, 1933—Motion for new trial was overruled.

October 8, 1933—Fell on Sunday.

October 9, 1933—Petition in error was filed in Supreme Court.

The controlling question in this case is: Did the six months in which an appeal must be lodged in this court begin to run from the date upon which the motion to vacate was overruled, March 25, 1933, or did it begin to run from the date upon which the subsequent motion for new trial was overruled, April 8, 1933? A motion to vacate a judgment taken without notice to the adverse party comes under the third subdivision of section 556, O. S. 1931 (810, C. O. S. 1921), empowering district courts to vacate or modify their judgments or orders, at or after the term in which such judgments or orders were made. Nation v. Savely, 127 Okla. 117, 260 P. 32. It was held in Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 P. 391, that an order denying a motion to vacate a judgment, under such circumstances, is an appealable order, and that the subsequent filing of a motion for new trial is unnecessary and does not extend the time in which to file an appeal. That case cited a long line of Oklahoma cases on this point, and was later followed by Fulp v. Sapulpa State Bank, 140 Okla. 121, 282 P. 634, and Halliburton v. Williams, 166 Okla. 248, 27 P. (2d) 360.

When the motion to vacate was overruled the appeal time began, and expired six months after that date, on September 25, 1933. Consequently the petition in error, filed October 9, 1933, was filed out of time, and too late to invoke the jurisdiction of this court. The fact that the defendants knew nothing of the rendition of judgment for nearly a month after it had been rendered does not change the rule, for they had full knowledge of it when they filed their motion to vacate and were in no wise prevented or hindered from instituting their proceedings in this court within the time permitted by statute. The appeal is dismissed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.