## JONES v. NORRIS.

No. 27847. March 14, 1939.

Rehearing Denied April 18, 1939.

Application for Leave to File Second Petition for Rehearing Denied May 23, 1939.

W. F. Schulte, for plaintiff in error.

Busby, Harrell & Trice, for defendant in error.

HURST, J. P. A. Norris instituted an action to foreclose a mortgage upon real estate. Among the defendants was Mrs. I. E. Jones. Summons was returned showing Mrs. Jones "not found." An alias summons was issued, and was returned showing service upon Mrs. Jones. Subsequently, a default judgment was taken, and the real estate was duly sold and sheriff's deed issued. Within three years after the rendition of this judgment Mrs. Jones filed a motion and later an amended motion to vacate the judgment upon the ground that no summons was served upon her, and the trial court had no jurisdiction to render judgment against her. Judgment was entered denying this motion on September 9, 1936. Thereafter, Mrs. Jones filed her motion for new trial, which was overruled on October 14, 1936. This appeal was filed on April 14, 1937, which was more than six months after the rendition of the judgment

denying the motion, but within six months from the order denying the new trial.

Norris moves to dismiss the appeal on the ground that this is a proceeding under subdivision 3 of section 556, O. S. 1931 (12 Okla. St. Ann. sec. 1031), where motion for new trial is not necessary; that in such case the appeal must be filed within six months from the date of the rendition of the judgment denying the motion to vacate and time is not extended by filing a motion for new trial; and that since this action was not filed within six months from the rendition of such judgment, this court is without jurisdiction to entertain the appeal and the same must be dismissed.

1. It is a general rule in this state that parties cannot confer jurisdiction on this court either by agreement or waiver, and it is the duty of the court to examine into its jurisdiction whether raised by the parties or not. Wedd v. Gates (1905) 15 Okla. 602, 82 P. 808; Zahn v. Obert (1916) 60 Okla. 118, 159 P. 298; Hill v. McCleery (1930) 141 Okla. 205, 284 P. 646; Oklahoma City-Ada-Atoka Ry. Co. v. Parks (1938) 182 Okla. 598, 78 P.2d 791. It may be raised at any time prior to the issuance of mandate. In Nation v. Green (1917, Ind. App.) 116 N. E. 840, and in Craton v. Huntzinger (1915, Mo. App.) 177 S. W. 816, it is held that the question of the appellate court's jurisdiction may be raised even after a decision on the merits. We have found no authorities to the contrary.

2. Therefore, we must determine whether this court has jurisdiction to entertain the appeal herein, the legal inquiry involved being whether it is necessary to file a motion for new trial to obtain a review of a proceeding under said subdivision 3 of section 556, under which this proceeding was prosecuted, which provides that "the district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made: * * * Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." There are nine subdivisions of that section providing nine different grounds for vacating judgments after term. Proceedings to vacate under the first three subdivisions are by motion (section 557, O. S. 1931, 12 Okla. St. Ann. sec. 1032), while proceedings under subdivisions 4, 5, 6, 7, 8, and 9 are by petition (section 558, O. S. 1931, 12 Okla. St. Ann. sec. 1033). Sections 556, 557, and 558, supra, were discussed in the case of Harper v. Rutland Sav. Bank (1920) 79 Okla. 274, 192 P. 1101, and it was there held that motion for new trial is not necessary for this court to review an order under the first three subdivisions, but that such a motion is necessary under the last six subdivisions. This case has since been adhered to. It has repeatedly been held that the filing of an unnecessary motion for new trial in a proceeding under said subdivision 3 does not postpone the time for filing an appeal, and that this court does not have jurisdiction of an appeal filed more than six months after the order refusing to vacate, but within six months of an order overruling the motion for new trial therein. Harper v. Rutland Sav. Bank, supra; Barfield Petroleum Co. v. Pickering Lumber Co. (1929) 137 Okla. 151, 278 P. 391; Fulp v. Sapulpa State Bank (1929) 140 Okla. 121, 282 P. 634; Fliedner v. Hinchee (1932) 157 Okla. 90, 11 P.2d 110; Finch v. Smith (1933) 166 Okla. 68, 26 P.2d 750; and Haffner v. Commerce Trust Co. (1936) 177 Okla. 313, 58 P.2d 863.

In the case of Thomas v. Monroe (1937) 179 Okla. 416, 65 P.2d 1008, this court fell into error by failing to note the prior decisions, and held that a motion for new trial is necessary to review an order based upon a proceeding under the third subdivision. Paragraph 5 of the syllabus in that case is hereby overruled.

Appeal dismissed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur. CORN and DAVISON, JJ., absent.