**TIMMONS OIL COMPANY, INC., an Oklahoma corporation, Appellee,**

v.

**James M. NORMAN, individually, and d/b/a Apache Mini Mart, Appellant.**

No. 74069.

Supreme Court of Oklahoma.

March 6, 1990.

---

### ORDER

HARGRAVE, Chief Justice.

■ Appellee's motion to dismiss, contained in its response to petition in error, is granted in part, denied in part. Under the Rules of Appellate Procedure in Civil Cases, 12 O.S.1981, Ch. 15, App. 2, Rule 1.11, appellant could have affected a timely appeal by either filing a petition in error within thirty days of the trial court's July 25, 1989 denial of a motion for new trial on the merits of the judgment, or could have waited until after the trial court's resolution of a reserved attorney fee issue on September 20, 1989, by the filing within thirty days of a new or amended petition in error. Here, the petition in error was filed October 2, 1989, thus a timely appeal on the merits of the judgment of July 25, 1989. Rule 1.11(c).

■ Appellant's motion for new trial which was filed on September 29, 1989, and overruled by the trial court on October 10, 1989, was directed solely at the attorney fee issue and was not related or affected by the timely petition in error on the judgment on the merits. The motion for new trial on the attorney fee having been overruled on October 23, 1989, without the filing of a subsequent new or amended petition in error within thirty days, renders the attorney fee issue as untimely presented. Motion to dismiss as to attorney fee issue is granted. Rule 1.11(d).

DONE BY ORDER OF THE SUPREME COURT.

HODGES, LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., and SIMMS, J., dissent.

OPALA, Vice Chief Justice, with whom SIMMS, J., joins, dissenting.

The court concludes that this appeal is not dismissible *in toto*. I cannot accede to its view. I would hold that it is untimely to bring *any* errors for corrective relief.

The question before us is whether, conformably with the Rules of Appellate Procedure in Civil Cases, 12 O.S.1987 Supp. Ch. 15, App. 2, Rule 1.11 and 12 O.S.1981 Ch. 15, App. 2, Rule 1.12, the appellant's petition in error was filed timely to tender for our review *either the initial decision or a later-effected ruling on counsel fees*.

The initial decision was rendered *July 25, 1989*, when the trial court denied appellant's timely motion for new trial and for judgment notwithstanding the verdict. In that ruling the trial court expressly reserved for future resolution a pending motion for counsel fees. At this point, two options for a timely appeal were available under Rule 1.11. Under subsections (c) and (d)(1) of that Rule a timely appeal could have been lodged by a petition in error filed within thirty days of the trial court's July 25, 1989 decision. In the alternative, pursuant to the terms of subsection (d)(2), where, as here, the trial court reserves ruling on counsel fees, the appellant could have waited until disposition of the unde-

termined issue and then—within thirty days following that issue's resolution—filed a petition in error for review of errors in both of these *two consecutive decisions.* The exact terms of Rule 1.11(c), (d) are:

(c) Appeal Prior to Allowance of Attorney Fees to a Party Shall Not Constitute a Premature Appeal.

Failure of the trial court to award attorney fee in any action shall not prevent a party aggrieved by the trial court's decision of all other questions from seeking a review of such judgment in this court by the timely filing of a petition in error. The trial court may determine the issue as to attorney fees after the appeal has been lodged or may reserve such issue and determine the same, together with an application for appellate related legal services, after remand of the matter from this court.

(d) Appeal after Allowance of Attorney Fees.

(1) Where the trial court resolves the attorney fee issue during the pendency of the appeal a party aggrieved may, by filing a timely petition in error, or an amended petition in error, have a review of such ruling.

(2) Where the trial court reserves ruling on the attorneys fee issue a party aggrieved by the trial court's decision on other questions may obtain review of such other questions by filing timely petition in error after the trial court's ruling on the attorneys fee issue.

Here, because the July 25, 1989 decision was not followed, within thirty days, by the filing of a petition in error, Rule 1.11(c) and (d)(1) became no longer available for invocation. As for subsection (d)(2), *supra,* the trial court awarded counsel fees on September 20, 1989. At that point, the case stood in a posture for the appellant to file, within thirty days, a timely petition in error for review *of both* the initial decision and the later ruling on counsel fees. See Rule 1.11(d)(2).

Appellant's counsel instead filed on September 29, 1989, a motion for new trial directed to the September 20 ruling on counsel fees. This motion was timely and

hence effective to extend appeal time. See 12 O.S.1981 § 991(a) and Rule 1.12(b). That Rule provides:

(b) Effect of motion for new trial on appeal time.

If a motion for new trial or a post-judgment motion for judgment notwithstanding the verdict is filed in time, no party shall appeal from the decision and appeal time shall not begin to run until the motion shall have been disposed of. If more than one party to an action files, in time, one of these motions directed to the same decision, appeal time shall not begin to run until all of the motions shall have been disposed of. 12 O.S.Supp.1969 § 991(a).

Appellant filed the petition in error on October 2, 1989, while the new-trial motion still stood undetermined. Because of the pendency of that motion, this appeal was premature at the point of its filing. 12 O.S.1981, § 991(a).

There still remained one last option under Rule 1.11(d)(2) for obtaining review *of both* the initial decision and the later ruling on counsel fees. This could be achieved *only* by filing either a new petition in error or an amended petition in error *within thirty days of the day the trial court disposed of the motion for new trial that was directed solely to the counsel-fee decision.* No petition in error or amended petition was filed within thirty days of this end-of-the-line ruling on the counsel-fee plea. Thus the terms of Rule 1.11(d)(2) were not timely invoked. *In short, none of the options available for an appeal under Rule 1.11 was exercised at the proper time.*

Neither does Rule 1.12 offer any support for declaring this appeal to have been timely brought. Under that Rule, the time to appeal the initial July 25, 1989 decision—consisting of a denial of a timely motion for new trial—could not be extended by *any other* "motion to reconsider," however denominated. Rule 1.12(c)(I) provides:

I. The time to appeal from any decision which disposes of a timely plea for relief provided under 12 O.S.1971 § 651 or § 655 (whether sought by application,

motion or petition for new trial, reconsideration, re-examination, rehearing or to vacate or modify a decision), begins to run from that decision and may not be extended by any plea for reconsideration, no matter how denominated.

If postjudgment motions upon motions were to be regarded as authorized to postpone the perfection of an appeal, then, as pointed out in *Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361 [1986], *appeal time could be interminably extended* and *the appellate review delayed* by successive motions to "reconsider" an appealable, terminal decision, such as one that denies a motion for new trial. Successive motions to reconsider or for new trial are inefficacious to affect appeal time. *Philbrock v. Home Drilling Co.*, 117 Okl. 266, 246 P. 457 [1926]; *Sowers v. Archer*, 161 Okl. 148, 17 P.2d 422 [1932]; *Starr v. Woods*, 162 Okl. 242, 19 P.2d 561 [1933]; *Adams v. Hobbs*, 204 Okl. 85, 226 P.2d 913, 915 [1950]; *Manos v. Leche*, 205 Okl. 213, 236 P.2d 693 [1951]. Equally unauthorized are *successive motions for new trial addressed to the same judgment. Potts v. Rubesam*, 54 Okl. 408, 156 P. 356 [1915]; *Boorigie v. Boyd*, 41 Okl. 550, 139 P. 253 [1914]. As held in *Arkansas Louisiana Gas v. Travis*, Okl., 682 P.2d 225 [1984], though a timely motion for new trial may be amended to clarify its original grounds, a second, untimely new-trial motion which sets up new and independent grounds is impermissible. Moreover, in the past, when by statute a motion for new trial was mandatory in certain situations, this court held the filing of an *unnecessary motion for new trial* did not postpone the time for filing an appeal. *Jones v. Norris*, 185 Okl. 125, 90 P.2d 403 [1939].

The trial court denied on September 1, 1989, a second, unauthorized "motion to reconsider." That motion did not, and could not, affect appeal time. See Rule 1.12(c)(I). As held in *Salyer v. National Trailer Convoy, Inc., supra,* an unauthorized postjudgment motion is considered a nullity.

I would therefore hold that this appeal is fatally flawed and direct its dismissal.