2006 OK CIV APP 86

**In the Matter of the ESTATE OF Hattie L. THIEL, Deceased,**

**Melissa D. Briscoe and Marsha C. McDonald, Petitioners/Appellants,**

v.

**John C. Morris, Personal Representative of the Estate of Hattie L. Thiel, Deceased; Lois R. Boyett; Beverly Harris; and Helen Morris, Respondents/Appellees,**

and

**Debbie Smart, Respondent.**

**No. 102,892.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 8, 2006.

William A. Gossett, Duncan, OK, for Petitioners/Appellants.

Henry C. Bonney, Ronald E. Corley, Duncan, OK, for Respondents/Appellees.

Opinion on Rehearing by CAROL M. HANSEN, Judge.

¶ 1 Appellants seek rehearing of our opinion filed on March 8, 2006. For the reasons stated below, rehearing is granted, our previous opinion is withdrawn, and this appeal is dismissed.

¶ 2 Our opinion affirmed the trial court's order of November 29, 2005. That order granted summary judgment in favor of the Appellee Personal Representative and dismissed Appellant Petitioners' *Petition Contesting Will After Probate*. Our opinion noted that on December 20, 2005, Petitioners filed their *Motion to Reconsider Ruling on Personal Representative's Motion for Summary Judgment*, one day before they filed their *Petition in Error* in this appeal.

¶ 3 Our opinion further noted the appellate record did not reflect disposition of Petitioners' *Motion to Reconsider*, but that this would not preclude our consideration of the appeal because Petitioners' motion had not been filed within ten days of the date judgment was filed and did not extend the period for appeal. Further, the opinion cited the statutory mandate in 12 O.S.2001 § 990.2(B) requiring the successful party on such a motion to advise the Supreme Court of action taken on the motion.

¶ 4 On March 29, 2006, Petitioners filed their *Petition for Rehearing* of our March 8th opinion. Petitioners, for the first time, advised this Court that the trial court had granted their *Motion to Reconsider* on February 8, 2006, and the trial court judgment which was the subject of appeal had been "withdrawn" by the trial court. Petitioners contended the appeal was therefore moot and should be dismissed.

¶ 5 Personal Representative filed a response and objection to Petitioners' *Petition for Rehearing*. He first argues the § 990.2(B) notification is jurisdictional and that Petitioners' failure to give timely notice of the trial court's vacation order somehow retroactively deprived the trial court of its

jurisdiction to render the order. Personal Representative's second rationale for opposing rehearing is that this Court's opinion "would not be rendered automatically moot if the trial court's revocation of the appealed order were deemed valid for the reason that the opinion issued by this Court has resolved a number of issues critical to resolution of the case below."

¶ 6 Petitioners assert their failure to provide the notification required by § 990.2(B) should be excused because [a] § 990.2(B) does not express a time in which notification must be made, so they were going to wait the thirty day appeal period to see if Personal Representative was going to appeal the vacation order, [b] Petitioners' counsel's mother was ill and died during the relevant notification period, which limited his time to perform his duties, and [c] this Court filed its opinion sooner than Petitioners' counsel had expected.

¶ 7 We are unpersuaded the foregoing reasons excuse Petitioners' failure to provide this Court timely notification the trial court had vacated the judgment on appeal. First, Petitioners' self-serving interpretation of § 990.2(B) is inconsistent with the clear legislative purpose of the notification requirement. Under § 990.2(B), a post-trial motion filed more than ten days after a judgment is filed does not extend the time for appeal. Therefore, appeal of the judgment must be filed within the statutory time and then comes within the cognizance of the appellate court process. However, as recognized by Supreme Court Rule 1.37(a)(3), even as the appeal moves through the appellate process, the trial court retains jurisdiction over, *inter alia,* motions or petitions for relief provided in 12 O.S.2001 §§ 1031 and 1031.1.

¶ 8 Thus, where, as here, the appellate court decides to consider an appeal while a motion to vacate is pending in the trial court, § 990.2(B) is clearly intended, in the interest of judicial economy, to provide the appellate courts with the earliest possible notification. The object is to allow the appellate court to defer further action once it is advised the trial court may have disposed of the judgment or order which is the subject of appeal. Waiting thirty days to determine if an appeal was raised from the trial court's order vacating its judgment here obviously does not serve that purpose, as should have been apparent to Petitioners. Petitioners should have notified this Court on the day the vacation order was filed.

¶ 9 While we are sympathetic to the difficulties Petitioner's counsel experienced with the illness of his mother, this too did not excuse the failure of notification. Her illness was not discovered until the end of February, long after the notification should have been made. Further, in the days immediately surrounding the trial court's vacation order on February 8th, Petitioners' counsel was able to draft the vacation order for the trial court's signature, and a comprehensive *Response to Personal Representative's Motion to Enter.*

¶ 10 Finally, Petitioners' suggestion they should be excused from the duty of timely notification because of "the speed with which the opinion was issued" is not only totally without merit, but likely unprecedented as a rationale for inaction. An expectation this Court might not carry out its duties with dispatch is hardly a proper basis for parties to plan the performance of their responsibilities.

■ ¶ 11 While we are unpersuaded Petitioners should be excused from their duty of notification under § 990.2(B), we are equally unpersuaded by Personal Representative's arguments as to why Petitioners' motion to dismiss the appeal should be denied. Personal Representative asserts "the jurisdiction of the trial court to reverse the order which was appealed was valid only if [Petitioners'] counsel notified the Court of Civil Appeals of the action taken by the trial court *before* it exercised its jurisdiction to rule on the said appeal." (Emphasis in original). We find nothing in § 990.2(B) to support that assertion. In fact, it is inconsistent with Supreme Court Rule 1.37(a)(3), which recognizes the trial court's continuing jurisdiction over motions to vacate after a petition in error is filed in the Supreme Court. While we need not decide today at exactly what point in the appellate process the trial court would lose that jurisdiction, it would not be before the appellate court hands down its decision.

■ ¶ 12 The trial court's continuing jurisdiction to vacate its judgment after an appeal

is filed is relevant to arguments by both parties regarding whether the trial court's judgment may be moot. We do not consider mootness to be the issue, rather it is our jurisdiction at the time the March 8th opinion was handed down. Jurisdiction of the Supreme Court, and accordingly this Court, is pursuant to 12 O.S 2001 § 952. That section, as pertinent here, requires there to be a "final order" before the appellate court.

¶ 13 Here, although unknown to this Court, the trial court, exercising its continuing jurisdiction, vacated what had been its "final order" before we exercised our jurisdiction over the judgment. As a result, there effectively was no "final order" remaining before us on March 8th and our jurisdiction to affect the trial court's judgment had lapsed. The question of our jurisdiction may be considered, *sua sponte*, at any time prior to mandate. *Jones v. Norris,* 1939 OK 148, 185 Okla. 125, 90 P.2d 403. *See also, Stites v. DUIT Construction Co., Inc.* 1995 OK 69, 903 P.2d 293 (Jurisdictional inquiries into appellate or certiorari cognizance may be considered and re-examined, on motion or *sua sponte,* at any stage of the proceedings).

¶ 14 Accordingly, Petitioners' *Petition for Rehearing* is granted. Our opinion of March 8th is withdrawn and this opinion is substituted therefor. This appeal is DISMISSED.

BELL, P.J., and JOPLIN, J., concur.